Kevin Scott STAIR, Appellant

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 30, 2006.
Decided Sept. 18, 2006.
Publication Ordered Dec. 15, 2006.

James B. Yelovich, Somerset, for appellant.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Kevin Scott Stair (Licensee) appeals from the order of the Court of Common Pleas of Bedford County (trial court) denying his appeal and reinstating the one-year suspension of his operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (Department) pursuant to the provisions of Section 3804(e) of the Vehicle Code.[1] We affirm.

By official notice of suspension mailed October 19, 2005, Licensee was informed by the Department that his operating privilege was being suspended as a result of his September 6, 2005 conviction for driving under the influence (DUI) in violation of Section 3802(a)(1) of the Vehicle Code.[2] The notice further informed Licensee, *inter alia*, that due to his conviction, his operating privilege would not be restored until he equipped all vehicles that he owned with an ignition interlock system.[3],[4]

---

1. 75 Pa.C.S. § 3804(e). Specifically, Section 3804(e) of the Vehicle Code provides, in pertinent part:

 **(e) Suspension of operating privileges upon conviction.—**

 (1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of ...:

 (i) an offense under section 3802; ....

 \* \* \*

 (2) Suspension under paragraph (1) shall be in accordance with the following:

 (i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter....

 \* \* \*

 (iii) There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense....

2. 75 Pa.C.S. § 3802(a)(1). Section 3802(a)(1) provides:

 **(a) General impairment.—**

 (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient

amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle....

3. An ignition interlock system is defined as "[a] system approved by the department which prevents a vehicle from being started or operated unless the operator first provides a breath sample indicating that the operator has an alcohol level less than 0.025%." Section 3801 of the Vehicle Code, 75 Pa.C.S. § 3801.

4. Section 3805(a) of the Vehicle Code, effective until June 30, 2007, provides, in pertinent part:

 **(a) General rule.—**If a person violates section 3802 (relating to driving under the influence of alcohol or controlled substance) and has a prior offense as defined in Section 3806(a) (relating to prior offense) ... and the person seeks a restoration of operating privileges, the department shall require as a condition of issuing a restricted license pursuant to this section that the following occur:

 (1) Each motor vehicle owned by the person or registered to the person has been equipped with an ignition interlock system

Licensee appealed the official notice of suspension and a trial *de novo* proceeded before the trial court. Licensee challenged the imposition of a one-year license suspension under Section 3804(e)(2)(i) because, pursuant to the plea agreement for the DUI conviction underlying the suspension, the DUI conviction was designated and reported to the Department as a first DUI offense. Licensee also challenged the requirement that he install an ignition interlock system on all of the vehicles that he owned under the recidivist provision of Section 3805 because, again, the DUI conviction underlying this requirement was designated and reported as a first DUI offense.

In support of the imposition of the one-year license suspension and the ignition interlock requirement, the Department

submitted into evidence a packet of certified documents which contained a record of a prior conviction by Licensee on June 19, 1995 for a DUI which occurred on February 11, 1994.[5] The Department argued before the trial court that it could impose the suspension under Section 3804(e)(2)(i), and the ignition interlock requirement under Section 3805, because Licensee had a prior DUI conviction within the ten years preceding the occurrence of the instant violation.

 The trial court agreed with the Department's interpretation of the Vehicle Code and entered the instant order denying Licensee's appeal from the Department's official notice imposing the one-year suspension and the ignition interlock requirement. Licensee then filed the instant appeal.[6]

and remains so for the duration of the restricted license period.

(2) If there are no motor vehicles owned by the person or registered to the person that the person so certify to the department. A person so certifying shall be deemed to have satisfied the requirement that all motor vehicles owned by the person or registered to the person be equipped with an ignition interlock system as required by this subsection.

75 Pa.C.S. § 3805(a).

In turn, Section 3806 of the Vehicle Code provides, in pertinent part:

(a) **General rule.**—Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean a conviction ... before sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

(b) **Repeat offenses within ten years.**—The calculation of prior offenses for purposes of ... [section] 3804 (relating to penalties) shall include any conviction ... within ten years

before the present violation occurred for any of the following:

(1) an offense under section 3802;

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S. § 3806(a), (b).

5. The packet also revealed that Licensee had a prior conviction on July 25, 1989 for a DUI which occurred on February 25, 1989, and a prior conviction on March 9, 1989 for a DUI which occurred on July 16, 1988.

6. Our scope of review in driver license suspension cases is limited to determining whether the trial court's findings of fact are supported by competent evidence, whether errors of law have been committed or whether the trial court's determination demonstrated a manifest abuse of discretion. *Department of Transportation v. Ingram*, 538 Pa. 236, 648 A.2d 285 (1994). Questions of credibility and conflicts in the evidence presented are for the trial court to resolve. *Id.* If there is sufficient evidence in the record to support the findings of the trial court we must pay proper deference to it as fact finder and affirm. *Id.*

In this appeal, Licensee claims that the trial court erred in denying his appeal from the Department's official notice imposing the one-year suspension and the ignition interlock requirement. More specifically, Licensee contends that: (1) the Department could not impose the suspension and interlock requirement as it was bound by the plea agreement under which Licensee pleaded guilty to violating Section 3802(a)(1) as a first DUI offense; and (2) the Department could not impose the interlock requirement under the recidivist provision of Section 3805(a) based upon his present DUI conviction or his prior DUI conviction in 1995.

■ Licensee first claims that the Department could not impose the suspension and interlock requirement as it was bound by the plea agreement under which Licensee pleaded guilty to violating Section 3802(a)(1) as a first DUI offense. Specifically, Licensee asserts that "[DOT] is bound by the record of Stair's conviction and sentence for violation of § 3802(a)(1) as a first-time offender. That judgment is as final and binding upon DOT as upon Stair. And, as a first-time violator of § 3802(a)(1), Stair is not subject to suspension or the interlock requirement." Brief for Appellant at 10. We do not agree.

As noted above, Section 3804(e)(1) of the Vehicle Code provides, in pertinent part, that "[t]he department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction . . . for . . . an offense under section 3802. . . ." 75 Pa.C.S. § 3804(e)(1)(i). In turn, Section 3804(e)(2) provides, in pertinent part, that the "[s]uspension under paragraph (1) shall be . . . 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter. . . ." 75 Pa.C.S. § 3804(e)(2)(i). In addition, Section 3806(b) provides that "[t]he calculation of prior offenses for purposes of section[ ] . . . 3804 (relating to penalties) . . . shall include any conviction . . . within the ten years before the present violation occurred for . . . an offense under former section 3731. . . ." 75 Pa.C.S. § 3806(b)(2).

Likewise, Section 3805(a) of the Vehicle Code provides, in pertinent part, that "[i]f a person violates section 3802 . . . and has a prior offense as defined in Section 3806(a) . . . and the person seeks a restoration of operating privileges, the department shall require . . . [e]ach motor vehicle owned by the person or registered to the person has been equipped with an ignition interlock system and remains so for the duration of the restricted license period. . . ." 75 Pa.C.S. § 3805(a)(1). In turn, Section 3806(a) provides, in pertinent part, that "[t]he term 'prior offense' as used in this chapter shall mean a conviction . . . before the sentencing on the present violation for . . . an offense under former section 3731. . . ." 75 Pa.C.S. § 3806(a)(2).

As also noted above, the Department's records demonstrate that Licensee has had a prior conviction on June 19, 1995, for a DUI which occurred on February 11, 1994, a prior conviction on July 25, 1989 for a DUI which occurred on February 25, 1989, and a prior conviction on March 9, 1989 for a DUI which occurred on July 16, 1988. Thus, pursuant to the foregoing explicit provisions of the Vehicle Code, in this case it was the Department's duty to impose both the one-year license and the ignition interlock requirement upon receiving the report of Licensee's latest DUI conviction from the Clerk of Courts for Bedford County.

It is true that the instant DUI conviction was designated and reported to the Department as a first DUI offense; however, the designation was not based upon Licensee's driving record. Rather, the designa-

tion of the instant DUI conviction as a first offense was the result of a plea agreement entered into by Licensee in the underlying criminal proceedings.[7]

It is well settled that the Department's suspensions are independent civil proceedings separate and apart from the criminal DUI matters. *Commonwealth v. Wolf,* 534 Pa. 283, 632 A.2d 864 (1993). The license suspension is a collateral civil consequence of the criminal conviction. *Commonwealth v. Duffey,* 536 Pa. 436, 639 A.2d 1174 (1994).

Therefore, regardless of whether a plea agreement existed in the underlying criminal proceedings, it has no effect on the Department's duty under the relevant provisions of the Vehicle Code to impose the instant license suspension and ignition interlock requirement. *Crawford v. Commonwealth,* 135 Pa.Cmwlth. 657, 582 A.2d 95 (1990); *Department of Transportation v. Lefever,* 111 Pa.Cmwlth. 105, 533 A.2d 501 (1987).

In other words, as we noted in *Lefever,* "neither the district attorney in plea bargaining, nor the court of common pleas when deciding a criminal matter, has jurisdiction to bind [the Department] to withdraw a civil license suspension." *Id.* at 503. "The statutory suspensions following . . . a conviction for driving under the influence are not bargaining chips to be traded in exchange for criminal convictions; rather, they are mandatory civil penalties, imposed not for penal purposes, but 'to protect the public by providing an effective means of denying an intoxicated motorist the privilege of using our roads.'" *Id.* (quoting *Commonwealth v. Ebert,* 31 Pa.Cmwlth. 82, 375 A.2d 837, 839 (1977)). As a result, the trial court properly denied Licensee's appeal and reinstated the one-year suspension and ignition interlock requirement as neither the Department nor the trial court were bound by the provisions of the plea agreement in the criminal proceedings in the instant civil proceedings.[8]

---

**7.** As noted by Licensee:
> The plea was a negotiated plea, prompted by [Licensee]'s Omnibus Pre–Trial Motion to Suppress. While the Writ of Habeaus [sic] Corpus was denied on questionable rationale, the Motion to Suppress/In Limine was granted, creating serious problems of proof for the Commonwealth.
> In lieu of trial, the District Attorney, in the exercise of his prosecutorial discretion, offered the plea to § 3802(a)(1), a first offense, and the [Licensee] accepted the offer.
> It was not a mindless decision of expediency on the part of the Commonwealth or the [Licensee]. The decision to offer the plea and the acceptance of the offer was sound and sensible and was accepted by the trial court as a just result under the facts and circumstances of the case.
> Brief for Appellant at 8–9.

**8.** In support of this allegation of error, Licensee relies upon our opinion in *Pompey v. Department of Transportation,* 768 A.2d 372 (Pa.Cmwlth.2001); however, Licensee's reliance on *Pompey* is misplaced. In that case, the licensee had been accepted in the Acceler-

ated Rehabilitative Disposition (ARD) Program to dispose of a DUI offense with which he had been charged. As a part of his acceptance into the ARD Program, the court of common pleas required licensee to perform 75 hours of community service in lieu of a 60–day license suspension that was required under the former provisions of the Vehicle Code. Because the court did not impose the required 60–day license suspension, the Department sent the licensee notice that it was suspending his operating privilege for that period of time. The licensee appealed the suspension to the court of common pleas, which sustained his appeal.

On further appeal, this Court affirmed the trial court's determination. In affirming the court's order, we noted, *inter alia,* that:
> [The former provisions of] the Vehicle Code do[] not provide DOT with the authority to suspend a licensee's operating privilege once he or she is accepted into ARD. That authority is specifically reserved for the judge who must comply with the suspension requirements of that section.... Because it was the duty of the judge oversee-

■ Finally, Licensee claims that the Department could not impose the interlock requirement under the recidivist provision of Section 3805(a) of the Vehicle Code based upon his prior DUI conviction in 1995. More specifically, Licensee contends that the explicit provisions of Section 3805(g) preclude the Department from imposing the requirement because neither his prior DUI conviction in 1995, nor his present DUI conviction in 2005, was accompanied by a court order directing the installation of an ignition interlock system.

Section 3805(g) of the Vehicle Code provides:

> **(g) Prohibition of authorization.—** This section shall not give the department authorization to impose an ignition interlock requirement on a person that has committed an offense under former section 3731 prior to October 1, 2003, without the issuance of a court order.

75 Pa.C.S. § 3805(g). Thus, under its express terms, Section 3805(g) merely prohibits the Department from ordering the installation of an ignition interlock system, in the absence of a court order, for a conviction under the former Section 3731 of the Vehicle Code that occurred prior to its enactment. *Id.*

In *Alexander v. Department of Transportation*, 583 Pa. 592, 601, 880 A.2d 552, 557 (2005), the Pennsylvania Supreme Court addressed the "substantive issue" of whether, under the former version of the Vehicle Code, "[a] driver whose previous DUI convictions predate the effective date of the Interlock Law, but whose latest DUI occurred after the effective date, may, as a consequence of the latest conviction, be subject to the recidivist provisions of the Interlock Law, or whether the imposition of the interlock requirement in such an instance constitutes an impermissibly retroactive application of the statute...." In disposing of this issue, the Supreme Court stated the following, in pertinent part:

> The General Assembly did not expressly state that the Interlock Law is to be applied retroactively. Thus, an ignition interlock requirement could not be imposed as a licensing restriction for a DUI conviction which occurred before the effective date of the Interlock Law—such as, for example, appellee's second DUI conviction in 1994. But that is not the issue posed in this appeal. The Department's interlock notification in this case was occasioned by appellee's **third** DUI conviction, which arose after enactment of the Interlock Law.... It is not the two previous DUI convictions that have exposed appellee to the interlock requirement; it is his third conviction, occurring after passage of the Law, which brings him within its purview.

> The statute does not reach into the past and increase the punishment, or the civil consequences, of concluded DUI convictions. Rather, it takes the recidi-

ing Licensee's admittance into ARD, rather than DOT, to implement Licensee's license suspension, we must conclude that, under the circumstances presented, Licensee's appeal must be sustained.

*Pompey*, 768 A.2d at 374 (footnotes omitted).
In contrast, in the instant case, both the trial court and this Court were asked to review the one-year license suspension and ignition interlock requirement that were imposed by the Department under the authority specifically conferred by the present provisions of the Vehicle Code. More importantly, the instant suspension and ignition interlock requirement were imposed by the Department separate and apart from the sentence that was imposed by the court in the underlying criminal proceedings, and as a separate collateral civil consequence of the conviction resulting from those proceedings. *See, e.g., Crawford; Lefever.* As a result, Licensee's reliance on *Pompey* is misplaced, and our opinion in that case does not compel a different result in the case *sub judice.*

vist DUI defendant as it finds him after the post-Interlock Law DUI conviction.... There is no doubt that the Interlock Law imposes a licensing consequence for recidivist DUI offenders that is greater than the licensing consequence such recidivist offenders faced prior to the enactment of the statute. However, the statute does not look back and enhance the punishment recidivist DUI offenders received for their prior DUI convictions. Instead, the enhanced consequence applies solely with respect to those DUI convictions occurring after the effective date of the law....

*Alexander, Id.* at 605–606, 880 A.2d at 559–560 (emphasis in original).[9]

Likewise, in the instant case, the Department ordered Licensee to install an ignition interlock system under Section 3805(a) due to his September 6, 2005 DUI conviction for the offense that was committed on January 19, 2005, and based upon the fact that he had a prior DUI conviction in 1995. Thus, Section 3805(g) does not preclude the imposition of an ignition interlock requirement in the absence of a court order as both the violation and conviction underlying its imposition were based on a violation of Section 3802(a) and occurred after the enactment of this section. As a result, Licensee's claim that the trial court erred in this regard is patently without merit.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 18th day of September, 2006, the order of the Court of Common Pleas of Bedford County, dated January 19, 2006 at No. 1088 for the year 2005, is AFFIRMED.

---

**9.** *See also Commonwealth v. McCoy,* 895 A.2d 18, 33–34 (Pa.Super.2006) wherein the Superior Court stated the following, in pertinent part:

[I]n addition, appellant contends that there is an *ex post facto* violation since, under 3806(b), DUI offenses within the last ten years are now considered in the determination of whether the individual has prior offenses, whereas under the prior law, the "look back" period was only seven years. Appellant had a DUI in June of 1995. Under the former law, this 1995 DUI would not have been considered a prior offense. He maintains the new ten year "look back" improperly increased his penalties for past acts. We reject this contention. First, there is a presumption that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. § 1926. Here, the General Assembly did not "clearly and manifestly" intend the DUI law to be retroactive. For instance, the ten year "look back" would not apply to DUI convictions which occurred before February 1, 2004. In any event, this principle "becomes pertinent only after it has been determined that a proposed operation of a statute would indeed be retrospective. In this regard, our courts have held that *a statute does not operate retrospectively merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment.*" *Alexander* [, 583 Pa. at 604, 880 A.2d at 559] (citation omitted, emphasis supplied). The statute does not reach into the past and increase punishment *for concluded DUI convictions.* The statute, rather, considers "facts or conditions" which came into existence prior to its enactment, i.e. prior DUI convictions, and effects only the punishment for a new conviction under the newly enacted DUI law.