**Douglas K. MARTZ**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 2, 2007.

Decided May 29, 2007.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

The Department of Transportation, Bureau of Driver Licensing (Department) challenges the order of the Court of Common Pleas of Blair County (trial court) sustaining the appeal of Douglas K. Martz (Licensee) from the Department's Official Notice of Suspension requiring Licensee, among other things, to install an Ignition Interlock System (System) prior to the restoration of his license. In this appeal, the Department argues that: (1) after the trial court issued its order, the Supreme Court reversed the case applied by the trial court, *Alexander v. Department of Transportation, Bureau of Driver Licensing (Alexander I )*,[1] and therefore, Licensee's prior offense triggered the mandatory System requirement under Section 3805 of the Vehicle Code, 75 Pa.C.S. § 3805; and (2) Section 3805 does not require a court order to subject Licensee to the requirement under *Stair v. Department of Transportation, Bureau of Driver Licensing*, 911 A.2d 1014 (Pa.Cmwlth.2006). We agree with the Department.

I.

On October 10, 2000, the trial court convicted Licensee of driving under the influ-

---

**1.** 822 A.2d 92 (Pa.Cmwlth.2003), *rev'd,* 583 Pa. 592, 880 A.2d 552 (2005).

ence of alcohol under former Section 3731 of the Vehicle Code (Report of the Clerk of Courts, Oct. 10, 2000, Reproduced Record (R.R.) at 31a), later repealed by Section 14 of Act No. 2003-24, Act of September 30, 2003, P.L. 120(Act), and simultaneously replaced with Section 3802 of the Vehicle Code, 75 Pa.C.S. § 3802. As a result of Licensee's conviction, the Department suspended Licensee's driving privilege for one year. (Official Notice of Suspension, Nov. 7, 2000, R.R. at 28a.) On October 10, 2001, the Department restored his driving privilege. (Letter from Department to Licensee, Oct. 3, 2001, R.R. at 27a.)

Nearly four years after Licensee's prior conviction, the trial court convicted Licensee of two new counts of driving under the influence of alcohol under Section 3802(a)(1) and (b) of the Vehicle Code [2] on November 1, 2004. (Report of the Clerk of Courts, Dec. 2, 2004, R.R. at 26a.) Licensee committed these violations on April 24, 2004. (Report of the Clerk of Courts, Dec. 2, 2004, R.R. at 26a.) By official notice dated and mailed December 15, 2004, the Department suspended Licensee's driving privilege for one year and subjected Licensee to several requirements before the Department would restore his driving privilege. (Official Notice of Suspension, Dec. 15, 2004, R.R. at 23a.) Relevant for our purposes here, the Department mandated, among other things,[3] that Licensee equip all of his vehicles with the System.[4] (Official Notice of Suspension, Dec. 15, 2004, R.R. at 24a.) Licensee subsequently filed a timely appeal with the trial court.

After holding a de novo hearing, the trial court sustained Licensee's appeal in May 2005. In a two-page order, the trial court concluded that a court order requiring Licensee to install the System was never issued. (Trial Ct. Order at 1, May 4, 2005.) Also, under this Court's decisions in *Alexander I* and *Beck v. Department of Transportation, Bureau of Driver Licensing (Beck I)*,[5] the trial court held that Licensee was not subject to the requirements of Section 3805 of the Vehicle Code, which mandate the installation of the System in certain circumstances. (Trial Ct. Order at 2.) The Department filed a timely appeal to this Court.[6]

2. Section 3802 of the Vehicle Code, 75 Pa. C.S. § 3802, reads in pertinent part:

(a) **General impairment.**—
(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.
(b) **High rate of alcohol.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

3. The Department also required that Licensee: (1) comply with the trial court's order to attend a treatment program for alcohol and drug addiction; (2) pay the Department a restoration fee; and (3) provide the Department with proof of insurance. (Official Notice of Suspension, Dec. 15, 2004, R.R. at 23a–24a.)

4. The System is defined as a "system approved by the [D]epartment which prevents a vehicle from being started or operated unless the operator first provides a breath sample indicating that the operator has an alcohol level less than 0.025%." 75 Pa.C.S. § 3801.

5. 868 A.2d 1286 (Pa.Cmwlth.2005), *rev'd without opinion*, 584 Pa. 702, 882 A.2d 1007 (2005). Similar to *Alexander I*, the Pennsylvania Supreme Court did not reverse *Beck I* until September 16, 2005, months after the trial court's May 4, 2005 order.

On appeal, the Department presents two issues for review:[7] (1) whether Licensee's conviction on October 10, 2000 can be considered a "prior offense" under Section 3805 in order to trigger the mandatory installation of the System on all of Licensee's vehicles; and (2) whether Section 3805 requires the issuance of a court order before the installation of the System.

## II.

### A.

Section 3805(a) of the Vehicle Code, enacted by Section 16 of the Act, effective February 1, 2004,[8] reads in pertinent part:

If a person violates section 3802 (relating to driving under influence of alcohol or controlled substance) and has a prior offense as defined in section 3806(a) (relating to prior offenses) or if a person has had their operating privileges suspended pursuant to section 1547(b.1) (relating to chemical testing to determine amount of alcohol or controlled substance) or 3808(c) (relating to illegally operating a motor vehicle not equipped with ignition interlock) and the person seeks a restoration of operating privileges, the department *shall* require as a condition of issuing a restricted license pursuant to this section that the following occur:

(1) Each motor vehicle owned by the person or registered to the person has been equipped with an ignition interlock system and remains so for the duration of the restricted license period.

75 Pa.C.S. § 3805(a) (emphasis added).[9] Therefore, under Section 3805, the Depart-

---

**6.** This Court limits its review of a trial court's decision in a license suspension case to: (1) whether the findings of fact are supported by competent evidence; (2) whether the trial court committed an error of law; or (3) whether the trial court abused its discretion in reaching the decision. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 248, 555 A.2d 873, 875 (1989); *Witmer v. Department of Transportation, Bureau of Driver Licensing*, 880 A.2d 716, 719 n. 5 (Pa.Cmwlth.2005), *petition for allowance of appeal denied*, 591 Pa. 730, 920 A.2d 835, No. 771 MAL 2005, 2007 WL 906461 (March 27, 2007).

In passing, we note that the Department filed its Notice of Appeal with this Court nearly two years ago, on June 7, 2005. On August 23, 2005, the Department filed a Motion to Supplement Record, asking this Court to direct the trial court to supplement the original record by submitting Department's Exhibit 1, evidence admitted by the trial court which contains several documents detailing the driving history of Licensee. The next day, this Court issued an order granting the Department's motion. However, this Court did not receive the supplemental evidence until November 2, 2006.

**7.** Because Licensee initially failed to file a timely Appellee's Brief, this Court issued an order on January 24, 2007, directing Licensee to file an Appellee's Brief within fourteen days. In light of Licensee's repeated failure to file his brief, this Court issued a per curiam order on February 23, 2007, precluding Licensee from filing a brief and submitting this appeal to the Court with the Department's brief only.

**8.** The original version of the ignition interlock requirement was found in Chapter 70 of the Judicial Code, 42 Pa.C.S. § 7001–7003. However, Section 4 of the Act repealed Chapter 70 of the Judicial Code, and Section 16 of the Act replaced Chapter 70 with Section 3805 of the Vehicle Code, 75 Pa.C.S. § 3805.

**9.** While this does not affect the matter here, effective June 30, 2007, Section 2 of the Act of November 30, 2004, P.L. 1667, will amend Section 3805(a) of the Vehicle Code to read, in relevant part: "If a person violates section 3802 (relating to driving under influence of alcohol or controlled substance) and, **within the past ten years,** has a prior offense as defined in section 3806(a) (relating to prior offenses) or if a person has had their operating privileges suspended pursuant to section 1547(b.1) . . . ."

ment is obligated to condition the issuance of a restricted license with the installation of the System when: (1) a licensee violates Section 3802; and (2) a licensee has a "prior offense" as defined in Section 3806(a). Section 3806(a) of the Vehicle Code defines a prior offense as:

> a conviction; adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
> > (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);
> >
> > (2) an offense under former section 3731;
> >
> > (3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or
> >
> > (4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S. § 3806(a).

In its opinion, the trial court relied on cases in which this Court held that a prior offense which pre-dated the enactment of the System requirement did not trigger the mandatory installation of the System. In *Alexander I*, a trial court convicted the licensee for driving under the influence on September 5, 2001, and subsequently, the Department required the licensee to install the System. *Alexander I*, 822 A.2d at 93. The System requirement, then under Section 7002 of the Judicial Code (the predecessor to current Section 3805 of the Vehicle Code), had an effective date of September 30, 2000. The licensee's driving history demonstrated two prior offenses, one in 1991 and one in 1994. *Id.* On appeal, this Court determined that absent legislative intent to the contrary, the System requirement could not be applied retroactively to include the 1991 and 1994 convictions as prior offenses. *Id.* at 94.

Therefore, under then Section 7002 of the Judicial Code, the licensee's first offense occurred on September 5, 2001, after the effective date of the requirement, and Section 7002 did not apply to the licensee. *Id.* Applying *Alexander I*, the Court in *Beck I* similarly held that because the licensee's previous convictions pre-dated the effective date of then Section 7002, the licensee's 2003 conviction was considered his first offense under then Section 7002, and without a "prior offense" within the meaning of the statute, the System requirement did not apply. *Beck I*, 868 A.2d at 1289.

However, the Pennsylvania Supreme Court rejected this Court's rationale in *Alexander I* and accordingly reversed. *Alexander v. Department of Transportation, Bureau of Driver Licensing (Alexander II )*, 583 Pa. 592, 880 A.2d 552 (2005). The Supreme Court, in *Alexander II*, recognized that under Section 1926 of the Statutory Construction Act, "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." *Alexander II*, 583 Pa. at 604, 880 A.2d at 559 (quoting 1 Pa.C.S. § 1926). Nonetheless, the Court noted that a statute is not considered retroactive "merely because some of the facts or conditions upon which its application depends came into existence *prior to its enactment.*" *Id.* (quoting *Gehris v. Department of Transportation*, 471 Pa. 210, 215, 369 A.2d 1271, 1273 (1977) (emphasis added)). Applying this principle, the Court held that the licensee's September 2001 conviction, occurring after the enactment of Section 7002, triggered the System requirement: "It is not the two previous DUI convictions that have exposed [the licensee] to the interlock requirement; it is his third conviction, occurring *after* passage of [Section 7002], which brings him within its purview." *Id.* at 605, 880 A.2d at 559–60

(emphasis added). In a per curiam order, the Court later reversed *Beck I* without opinion and cited to *Alexander II* for support. *Beck v. Department of Transportation, Bureau of Driver Licensing (Beck II )*, 584 Pa. 702, 882 A.2d 1007 (2005).

## B.

As to its first argument, the Department claims that Licensee is subject to the System requirement under Section 3805 of the Vehicle Code because: (1) the trial court convicted Licensee for a violation of Section 3802 of the Vehicle Code on November 1, 2004, after the February 1, 2004 effective date for Section 3805; and (2) Licensee's October 10, 2000 conviction under former Section 3731 of the Vehicle Code is considered a "prior offense" for purposes of Section 3805. The Department admits that the trial court cannot be faulted for relying on *Alexander I* and *Beck I* because the Pennsylvania Supreme Court reversed *Alexander I* on August 15, 2005, and *Beck I* on September 16, 2005, months after the trial court's May 4, 2005 order. Nonetheless, under *Alexander II*, the Department asserts that merely because Licensee's October 10, 2000 conviction occurred prior to the effective date of both former Section 7002 of the Judicial Code and current Section 3805 of the Vehicle Code does not preclude it from being a "prior offense" for purposes of the System requirement. We agree.

As in *Alexander II*, the triggering offense which subjects Licensee to the requirements of Section 3805 of the Vehicle Code is not his prior October 10, 2000 conviction, but rather, his conviction on November 1, 2004 for driving under the influence under Section 3802. Licensee's prior conviction under former Section 3731, which qualifies as a prior offense under Section 3806(a) of the Vehicle Code, is simply a condition Section 3805 depends upon, and as *Alexander II* holds, the dependence of Section 3805 on a prior offense occurring before the enactment of Section 3805 does not render the statute retroactive. Because Licensee has been convicted for a violation of Section 3802 of the Vehicle Code after the effective date of Section 3805, and because Licensee's prior conviction qualifies as a prior offense under Sections 3805 and 3806(a) of the Vehicle Code, the Department properly subjected Licensee to installing the System on all of his vehicles before the restoration of his license pursuant to Section 3805.

## C.

Lastly, the Department asserts that Section 3805 does not require a court order for the Department to subject Licensee to the System requirement.

Under Section 3805(a), once a licensee is convicted of driving under the influence pursuant to Section 3802 and has a prior offense, the Department "*shall* require as a condition of issuing a restricted license pursuant to this section that" a licensee equips each vehicle with the System. 75 Pa.C.S. § 3805(a) (emphasis added). Section 3805(g), however, limits the Department's ability to impose the installation of the System in one instance: "This section shall not give the [D]epartment authorization to impose an ignition interlock requirement on a person that has committed an offense under former section 3731 prior to October 1, 2003, without the issuance of a court order." 75 Pa.C.S. § 3805(g). In *Stair*, the licensee was convicted of driving under the influence in September 2005. *Stair*, 911 A.2d at 1015. He had a prior conviction in 1995. This Court held that "Section 3805(g) does not preclude the imposition of an ignition interlock requirement in the absence of a court order as both the violation and conviction underlying its imposition [i.e., the licensee's Sep-

tember 2005 conviction] were based on a violation of Section 3802(a) and occurred after the enactment of this section." *Id.* at 1020.

Similarly here, a court order is not required in order for the Department to impose the System requirement on Licensee. As in *Stair,* Licensee's violation and conviction, on April 24 and November 1, 2004, respectively, were based on Section 3802 of the Vehicle Code and occurred after the effective date of Section 3805. Moreover, Section 3805(g) contemplates a court order when the triggering offense arises from former Section 3731 of the Vehicle Code occurring prior to October 1, 2003. Here, the triggering offense arose from Section 3802 and occurred well after October 1, 2003. Therefore, a court order is not required, and the Department properly imposed the System requirement pursuant to Section 3805 of the Vehicle Code.

For the foregoing reasons, we reverse the order of the trial court.

### ORDER

**NOW,** May 29, 2007, the order of the Court of Common Pleas of Blair County in the above-captioned matter is hereby **REVERSED.**