IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Hudak                :
                                    :
      v.                     :  No. 166 C.D. 2018
                                      :  SUBMITTED: June 22, 2018
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing,      :
              Appellant    :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                     FILED: August 14, 2018

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the January 8, 2018 Order of the Court of Common Pleas of Butler County (Trial Court), which sustained Matthew Hudak's (Licensee) appeal stemming from DOT's suspension of his operating privilege pursuant to Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa. C.S. § 1547(b)(1)(i).[1] On appeal, DOT argues that the Trial Court erred in sustaining Licensee's appeal

---

[1] Section 1547 of the Vehicle Code is commonly known as the Implied Consent Law. Section 1547(b)(1)(i) of the Implied Consent Law states:

> If any person placed under arrest for a violation of section 3802 [of the Vehicle Code (relating to driving under the influence of alcohol or a controlled substance)] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, [DOT] shall suspend the operating privilege of the person . . . for a period of 12 months.

75 Pa. C.S. § 1547(b)(1)(i).

based solely on the terms of a plea agreement between Licensee and an Assistant District Attorney (ADA) with the Butler County District Attorney's Office. We agree with DOT and, therefore, reverse the Trial Court's Order.

**Background**

The underlying facts are not in dispute. On April 22, 2017, Pennsylvania State Police Trooper Richard Guistini stopped Licensee for driving an all-terrain vehicle on the roadway without lights. Notes of Testimony (N.T.), 1/5/18, at 6-7. While questioning Licensee, Trooper Guistini smelled the odor of alcohol on Licensee's breath. *Id.* at 7. Licensee admitted to consuming seven beers within the previous hour. *Id.* After administering field sobriety tests, Trooper Guistini arrested Licensee for suspicion of driving under the influence of alcohol (DUI). *Id.* at 8.

After his arrest, Licensee refused to submit to a chemical breath test. N.T., 1/5/18, at 8. After the first refusal, Trooper Guistini notified Licensee of the consequences for refusing chemical testing under the Implied Consent Law, but Licensee still refused to allow testing. *Id.* at 10-11.

On the date of Licensee's preliminary hearing on the DUI charge, Trooper Guistini met with Licensee's counsel and the ADA. N.T., 1/5/18, at 13. The parties agreed that, if Licensee agreed to participate in an accelerated rehabilitative disposition (ARD)[2] program, Trooper Guistini would not submit to DOT the form related to Licensee's refusal to submit to chemical testing (Form DL-26A). *Id.* at 14. Licensee ultimately waived his right to a preliminary hearing. *Id.*

However, Trooper Guistini subsequently received notice that a non-jury trial had been scheduled for Licensee's DUI case, leading him to assume that Licensee had elected not to proceed with the ARD program. N.T., 1/5/18, at 15.

---

[2] ARD is a program whereby, upon successful completion of the program's requirements, an offender's record may be expunged. *See* Pa.R.Crim.P., Chapter 3.

Consequently, Trooper Guistini forwarded Form DL-26A to DOT. *Id.* at 15-16.

On August 31, 2017, DOT mailed Licensee a notice that his operating privilege was suspended for one year, effective October 5, 2017, as a result of his refusal to submit to chemical testing on April 22, 2017. Reproduced Record (R.R.) at 9a-12a.

Licensee appealed his suspension to the Trial Court, which held a hearing on January 5, 2018. Trooper Guistini testified regarding the circumstances surrounding Licensee's arrest and the agreement between Licensee's counsel and the ADA that Form DL-26A would not be forwarded to DOT if Licensee participated in the ARD program. N.T., 1/5/18, at 3-18. DOT was not a party to that agreement. *Id*. at 17. Trooper Guistini acknowledged that Licensee had, in fact, entered the ARD program and that he sent Form DL-26A to DOT because he mistakenly believed that Licensee's DUI case was going to trial. *Id.* at 16. At the conclusion of the hearing, the Trial Court sustained Licensee's appeal. *Id.* at 25.

DOT appealed to this Court. In its Pa.R.A.P. 1925(a) Opinion, the Trial Court explicitly found that DOT met its burden of proof to support a suspension of Licensee's operating privilege.[3] 1925(a) Op. at 4. However, the Trial Court stated that, but for Trooper Guistini's erroneous submission of Form DL-26A to DOT, DOT would have been unaware of the refusal. *Id.* at 5. As a result, the Trial Court sustained Licensee's appeal, concluding that

> [i]t is a serious and sincere public policy concern to allow
> parties to enter into agreements, wherein significant rights

---

[3] The record filed with this Court does not contain charging documents related to Licensee's DUI. However, a September 1, 2017 order granting Licensee's admission into the ARD program indicates he was charged with violating Section 3802(a)(1) of the Vehicle Code, 75 Pa. C.S. § 3802(a)(1). R.R. at 14a.

3

are foregone in exchange for promises made by court officers, and then to subsequently allow a court to dishonor such an agreement. There is a significant and concerning discrepancy in bargaining power where one party is unaware that the promises being made by the other party to bind himself, or herself into action, or inaction, are not enforceable.

But for the Trooper's honest mistake [DOT] would not have even been aware of the refusal. While this Court acknowledges the Commonwealth's affirmative duty to institute a suspension of operating privileges in these circumstances, this Court cannot, in consideration of equitable fairness and public policy uphold this suspension.

1925(a) Op. at 5-6. This appeal followed.[4]

## Issue

The sole issue before us is whether the Trial Court erred in concluding that DOT improperly suspended Licensee's operating privilege due to the terms of Licensee's plea agreement with the ADA.

## Discussion

To suspend a licensee's operating privilege for refusing to submit to chemical testing, DOT has the burden of proving the following:

(1) Licensee was arrested for violating Section 3802 of the Vehicle Code by a police officer who had "reasonable grounds to believe" that Licensee was operating or was in actual physical control of the movement of a vehicle while in violation of Section 3802 (i.e., while driving under the influence); (2) Licensee was asked to submit to a chemical test; (3) Licensee refused to do so; and (4) Licensee was specifically warned that a refusal would result in the suspension of his

---

[4] Our scope of review is limited to determining whether the Trial Court committed an error of law or abused its discretion and whether the Trial Court's factual findings are supported by substantial evidence. *Reinhart v. Dep't of Transp., Bureau of Driver Licensing*, 954 A.2d 761, 765 n.3 (Pa. Cmwlth. 2008).

4

operating privileges and would result in enhanced penalties if he was later convicted of violating Section 3802(a)(1).

*Martinovic v. Dep't of Transp., Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa. Cmwlth. 2005). Once DOT satisfies its burden, the licensee, in order to escape sanction, must then prove that he or she was incapable of making a knowing and conscious refusal. *Hinkel v. Dep't of Transp., Bureau of Driver Licensing,* 715 A.2d 556, 558 (Pa. Cmwlth. 1998).

Here, DOT argues that the Trial Court erred in finding that the terms of Licensee's plea agreement justified sustaining Licensee's appeal. DOT maintains that no authority exists that allows an ADA to bargain away an operating privilege suspension that DOT is statutorily mandated to impose, and contends this Court has consistently held that DOT is not bound by third-party plea agreements. In support of its arguments, DOT relies on *Department of Transportation, Bureau of Driver Licensing v. Lefever*, 533 A.2d 501 (Pa. Cmwlth. 1987).

In *Lefever*, the district attorney and Lefever reached a plea agreement, wherein the district attorney agreed to withdraw a notice to DOT that Lefever refused to submit to chemical testing after his arrest for DUI. 533 A.2d at 502. In exchange, Lefever consented to the use of a hospital's blood test results in his criminal DUI proceedings. *Id.* DOT suspended Lefever's operating privilege approximately one month after Lefever entered into the plea agreement. *Id.* Lefever then appealed DOT's suspension of his license. The trial court subsequently directed DOT to reinstate Lefever's operating privilege, finding that because the suspension proceeding was independent and distinct from the underlying criminal action, DOT had to honor the agreement to withdraw the notice of refusal. *Id.*

On appeal, this Court reversed, holding that the Vehicle Code's mandatory civil penalties were not subject to the terms of a plea agreement arising from related

5

criminal charges. *Lefever,* 533 A.2d at 503. Regardless of the disposition of the criminal charge, the suspension resulting from a refusal to submit to chemical testing was an independent civil proceeding. *Id.* We further concluded:

> [N]either the district attorney in plea bargaining, nor the court of common pleas when deciding a criminal matter, has jurisdiction to bind DOT to withdraw a civil license suspension. The statutory suspensions following a refusal to submit to a blood alcohol test or a conviction for [DUI] are not bargaining chips to be traded in exchange for criminal convictions; rather, **they are mandatory civil penalties** . . . .

*Id.* (emphasis added).

Licensee attempts to distinguish *Lefever* from this case by arguing that, at the time of the plea agreement, Trooper Guistini was acting as DOT's agent and, thus, had the ability to bind DOT by his actions.

We find Licensee's arguments unpersuasive. Our Court has upheld the central holding in *Lefever* on multiple occasions in the three decades since it was decided. *See, e.g.*, *Quick v. Dep't. of Transp., Bureau of Driver Licensing*, 915 A.2d 1268 (Pa. Cmwlth. 2007) (agreement between arresting officer and licensee that failure to comply with breathalyzer test did not constitute refusal of chemical testing was not binding on DOT); *Stair v. Dep't of Transp., Bureau of Driver Licensing*, 911 A.2d 1014 (Pa. Cmwlth. 2006) (agreement to treat licensee's DUI conviction as a first-time offense not binding on DOT); *Pompey v. Dep't of Transp., Bureau of Driver Licensing*, 768 A.2d 372 (Pa. Cmwlth. 2001) (DOT cannot be bound by the terms of a plea agreement that withdraws a civil license suspension).

Moreover, although the facts of *Lefever* and its progeny differ from this case, our Court has consistently held that DOT is not bound by the terms of a third-party plea agreement, as such agreements cannot strip away DOT's duty under the Vehicle Code to impose a license suspension for a licensee's refusal to submit to chemical

6

testing. *See Stair*, 911 A.2d at 1018. Therefore, we conclude that neither Licensee nor the ADA had the right to bargain away DOT's legislative mandate to impose civil penalties upon Licensee for refusing to submit to chemical testing under the Implied Consent Law.

We also reject Licensee's argument that Trooper Guistini was acting as DOT's agent when Licensee's plea agreement was made. Licensee claims that law enforcement officers, through enforcement of the Vehicle Code, are necessarily agents of DOT. This characterization of the agent-principal relationship ignores the basic elements of agency, which require: 1) the manifestation by the principal that the agent shall act for it; 2) the agent's acceptance of the undertaking; and 3) the understanding of the parties that the principal is to be in control of the undertaking. *Basile v. H&R Block, Inc.*, 761 A.2d 1115, 1120 (Pa. 2000). There is no evidence in the record to support a finding that DOT intended that Trooper Guistini act on its behalf. Trooper Guistini's duty to provide DOT notice of Licensee's refusal to submit to chemical testing is a statutorily-imposed requirement under the Implied Consent Law, not the result of any purported agency relationship.

The undisputed evidence supports the Trial Court's conclusion that DOT met its burden of proof for a license suspension. Trooper Guistini arrested Licensee based on the odor of alcohol on Licensee's breath, his admission to having consumed seven beers within one hour before his arrest, and his performances on field sobriety tests. Licensee refused a chemical breath test after having been warned of the consequences of refusal, and Licensee failed to offer evidence suggesting that his refusal was done in anything other than a knowing and conscious manner. While we recognize that Trooper Guistini sent Form DL-26A to DOT based on his misapprehension of the procedural posture of the criminal matter, once DOT received that form, it was required by Section 1547(b)(1)(i) of the Implied Consent

7

Law to suspend Licensee's operating privilege. The Trial Court committed an error of law when it concluded otherwise. Accordingly, we reverse the Trial Court's Order.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Matthew Hudak | : | |
| | : | |
| v. | : | No. 166 C.D. 2018 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

**O R D E R**

AND NOW, this 14th day of August, 2018, the Order of the Court of Common Pleas of Butler County, dated January 8, 2018, is hereby REVERSED.

_____
ELLEN CEISLER, Judge