# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shelby Lynn Clingan            :
                                    :
               v.                 :    No. 231 C.D. 2021
                                    :    Submitted: September 16, 2022
Commonwealth of Pennsylvania,      :
Department of Transportation,        :
Bureau of Driver Licensing,          :
                     Appellant     :


BEFORE:      **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                   **HONORABLE ANNE E. COVEY,** Judge
                   **HONORABLE LORI A. DUMAS,** Judge


<u>**OPINION NOT REPORTED**</u>


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**          **FILED: August 29, 2023**

The Commonwealth of Pennsylvania, Department of Transportation (Department), Bureau of Driver Licensing (Bureau) appeals from the February 17, 2021 Order of the Court of Common Pleas of Fayette County (common pleas). The Order sustained the statutory appeal of Shelby Lynn Clingan (Licensee) and vacated the Bureau's one-year suspension of Licensee's operating privilege. Licensee's operating privilege was suspended pursuant to Section 3804(e)(2)(i) of the Vehicle Code, 75 Pa.C.S. § 3804(e)(2)(i),[1] based on her August 20, 2020 conviction for

---

[1] Section 3804(e)(2)(i) of the Vehicle Code states: "Suspension under paragraph (1) shall be in accordance with the following: (i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter." 75 Pa.C.S. § 3804(e)(2)(i).

violating Section 3802(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(1).[2] At issue is whether Licensee's prior successful completion of an Accelerated Rehabilitative Disposition (ARD) program after being cited for driving under the influence (DUI), was a "prior offense" for purposes of a one-year suspension, and whether Licensee's negotiated plea agreement binds the Bureau. Upon thorough review, we reverse the Order of common pleas and direct the Bureau to reinstate the one-year suspension of Licensee's operating privilege.

## I.     BACKGROUND

On June 14, 2017, Licensee was accepted into an Accelerated Rehabilitative Disposition (ARD) program after being cited for DUI in violation of Section 3802(c) of the Vehicle Code, 75 Pa.C.S. § 3802(c) (relating to DUI of alcohol or controlled substances – highest rate of alcohol),[3] on September 2, 2016. (Reproduced Record (R.R.) at 46a.) In accordance with Section 3807(d) of the Vehicle Code, 75 Pa.C.S. § 3807(d) (relating to ARD – mandatory suspension of operating privileges), Licensee's operating privilege was suspended for a period of 60 days. (*Id.* at 43a.) Her operating privilege was restored on September 25, 2017. (*Id.* at 42a.)

---

[2] Section 3802(a)(1) of the Vehicle Code provides: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1).

[3] Section 3802(c) of the Vehicle Code states:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(c).

Licensee was charged on March 26, 2020, with DUI pursuant to Section 3802(b), 75 Pa.C.S. §3802(b). On August 20, 2020, consistent with a negotiated plea to an ungraded misdemeanor offense, Licensee was convicted of DUI in violation of Section 3802(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(1)(relating to general impairment). (*Id.* at 40a-41a.) Upon receipt of the report of Licensee's conviction, the Bureau, by official notice with a mail date of September 2, 2020, imposed a one-year suspension of Licensee's operating privilege effective October 7, 2020, pursuant to 75 Pa.C.S. § 3804(e)(2)(i). (*Id.* at 36a.)

On September 9, 2020, Licensee filed a statutory appeal of the suspension of her operating privilege with common pleas. (*Id*. at 9a-10a.) On February 17, 2021, common pleas held a *de novo* hearing, at which the Bureau offered into evidence Bureau's Exhibit No. 1,[4] which was admitted without objection, and both parties presented argument. (*Id.* at 23a-33a.) The Bureau argued that *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020), *overruled by Commonwealth v. Moroz*, 284 A.3d 227 (Pa. Super. 2022) (*en banc*), is inapplicable to license suspension appeals because *Chichkin* deals with criminal proceedings and license suspension appeals are not criminal proceedings. (*Id*. at 27a-28a.) Licensee argued, based on *Chichkin*, that ARD does not count as a prior offense. (*Id.* at 26a.) Licensee also argued that because of her prior ARD acceptance, Licensee pled guilty to a first offense DUI, which carries no suspension, rather than a second offense. (*Id.* at 29a-30a.) On the same day, common pleas issued its Order sustaining Licensee's appeal from the suspension of her operating privilege. (*Id.* at 52a.)

---

[4] Bureau's Exhibit No. 1 consisted of certified copies of the September 2, 2020 notice of suspension; report of conviction of the Fayette County Clerk of Courts; the earlier restoration; the earlier license suspension; the report of the Clerk of Courts of the ARD; and Licensee's driving record.

On March 8, 2021, the Bureau filed a notice of appeal to the Commonwealth Court. (*Id.* at 1a.) Common pleas directed the Bureau to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), which it did. (*Id.* at 59a, 61a-62a.) On March 25, 2021, common pleas issued a Statement in Lieu of Opinion stating that common pleas relied on the February 17, 2021 Order and that no further opinion would be issued. (*Id.* at 65a.) The Statement in Lieu of Opinion also attached a September 4, 2020 memorandum opinion and order from the Court of Common Pleas of Mercer County, which common pleas "relied upon and referenced in" sustaining Licensee's appeal. (*Id.* at 65a-69a.) That memorandum opinion held, based on *Chichkin*, that prior acceptance of ARD cannot be used as a prior conviction for license suspension purposes. (*Id.* at 67a-68a.)

## II.   PARTIES' ARGUMENTS

On appeal, the Bureau argues

> [common pleas] erred as a matter of law in holding that [Licensee's] acceptance of [ARD] on June 14, 2017, for violating 75 Pa.C.S. § 3802(c) on September 2, 2016, was not a "prior offense" in accordance with 75 Pa.C.S. § 3806 of her conviction on August 20, 2020, of violating 75 Pa.C.S. § 3802(a)(1) as an ungraded misdemeanor on February 16, 2020.

(Bureau's Br. at 10.) The Bureau asserts *Chichkin* only precludes use of ARD as a prior conviction for sentencing enhancement purposes in a criminal DUI case. (*Id.* at 15-16, 25.) Based on this argument, the Bureau states "*Chichkin* has no impact upon the sections of the Vehicle Code . . . that treat acceptance of ARD as a 'fact' for purposes of the [Bureau's] implementation of **civil** provisions of the Vehicle

4

Code, including suspension of a licensee's operating privilege." (*Id.* at 23-24 (emphasis in original).)

Licensee argues common pleas correctly held that Licensee's conviction was a first offense that carried no license suspension. (Licensee's Br. at 8.) Licensee argues this is the case because, under *Chichkin*, ARD can no longer be used as a prior offense. (*Id.* at 8, 10.) Alternatively, Licensee argues common pleas' Order should be affirmed because she entered into a plea agreement specifically to avoid a statutory license suspension and mandatory jail time, and she "deserves to receive the benefit of her" negotiated plea agreement with the Commonwealth. (*Id.* at 11-12.)

In response to Licensee's alternative argument, the Bureau asserts it is not bound by a plea agreement Licensee entered into with the District Attorney of Fayette County (District Attorney). (Bureau's Reply Br. at 4-8.) The Bureau argues this is because the Commonwealth in a criminal proceeding is not the same party as the Bureau in a civil proceeding, and, thus, the Bureau is not bound by the results of the negotiations in the former proceedings. (*Id.* at 5-6.)

## III.  DISCUSSION

The Bureau asserts that *Chichkin* is not applicable to civil license suspensions and only precludes the use of ARD as a prior conviction for sentencing enhancement purposes in a **criminal** DUI case. (Bureau's Br. at 15-16, 25.) Under the current state of the law, we agree. *Chichkin* was overruled by an *en banc* panel of the Superior Court in *Moroz*, 284 A.3d at 233, which held that "the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional

5

muster." While the defendant in *Moroz* is challenging the Superior Court's overruling *Chichkin* in his appeal to the Pennsylvania Supreme Court,[5] until the Supreme Court holds otherwise, *Moroz* remains the law on the issue. In addition to *Chichkin* being overruled, this Court held in *Ferguson v. Department of Transportation, Bureau of Driver Licensing,* 267 A.3d 628, 632 (Pa. Cmwlth. 2021) (*en banc*), *petition for allowance of appeal granted*, 280 A.3d 859 (Pa. 2022), that *Chichkin* is inapplicable to these cases, and Section 3806(a) is valid for the purpose of civil license suspensions. The Court held that license suspensions are civil penalties which are imposed separately from criminal sentencing "over which the criminal judge had no control and for which he had no responsibility." *Id.* The Supreme Court granted an appeal in *Ferguson*; however, that *en banc* opinion remains binding precedent in this Court. Pennsylvania Rule of Appellate Procedure 3103(b), Pa.R.A.P. 3103(b).[6] Based on this precedent, common pleas erred in applying *Chichkin* to a civil license suspension case because prior ARD acceptance can be used to establish a prior offense for license suspension purposes.

In response to Licensee's alternative argument relating to her plea agreement, the Bureau asserts it is not bound by a plea agreement Licensee entered into with the District Attorney. (Bureau's Reply Br. at 4-7.) We must agree as, for over 30 years, this Court has held that mandatory civil penalties, such as the suspension of Licensee's operating privilege under the Vehicle Code, "are not subject to the terms of a plea agreement arising from related criminal charges." *Dep't of Transp., Bureau of Driver Licensing v. Lefever*, 533 A.2d 501, 503 (Pa. Cmwlth. 1987). Accordingly,

---

[5] *See* Petition for Allowance of Appeal at 21, *Commonwealth v. Moroz* (Pa., No. 520 MAL 2022).

[6] Pursuant to Pennsylvania Rule of Appellate Procedure 3103(b), an *en banc* decision of this Court is binding on any subsequent panel. Pa.R.A.P. 3103(b).

6

the Bureau was not bound by a sentencing order that did not impose a license suspension. *Boals v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 1266 C.D. 2020, filed Oct. 20, 2022), slip op. at 16.[7] "[R]egardless of whether a plea agreement existed in the underlying criminal proceedings, it has no effect on the [Bureau's] duty under the relevant provisions of the Vehicle Code to impose the instant license suspension." *Stair v. Dep't of Transp., Bureau of Driver Licensing*, 911 A.2d 1014, 1018 (Pa. Cmwlth. 2006). Therefore, the Bureau is not bound by Licensee's plea agreement.

## IV. CONCLUSION

Based on the aforementioned precedent, common pleas committed an error of law when it applied the reasoning of *Chichkin* to hold that prior acceptance of ARD cannot be used to establish a prior offense for the purposes of Licensee's suspension. Furthermore, the Bureau is not bound by Licensee's plea agreement. Accordingly, we reverse common pleas' Order and direct the Bureau to reinstate the one-year suspension of Licensee's operating privilege.

_____
**RENÉE COHN JUBELIRER,** President Judge

---

[7] Pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion of this Court, while not binding, may be cited for its persuasive value.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shelby Lynn Clingan            :
                              :
           v.                   :     No. 231 C.D. 2021
                              :
Commonwealth of Pennsylvania,     :
Department of Transportation,        :
Bureau of Driver Licensing,           :
                  Appellant    :

# O R D E R

**NOW**, August 29, 2023, the Order of the Court of Common Pleas of Fayette County, dated February 17, 2021, is **REVERSED**, and the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing is directed to reinstate the one-year suspension of Shelby Lynn Clingan's operating privilege.

 

_____

**RENÉE COHN JUBELIRER,** President Judge