## Dariano *v.* Blocksom (et al., Appellant).

Argued April 17, 1957.   Before JONES, C. J., CHID-SEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*James M. Marsh,* with him *Edward C. German* and *LaBrum & Doak,* for appellant.

*S. Regen Ginsburg,* with him *H. P. Abramson* and *Jay B. Leopold,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, May 27, 1957:

Edith Dariano, individually and as administratrix of Joseph Tosti, obtained judgments in the Common Pleas of Philadelphia County against Howard B. Blocksom, for damages for the death of Joseph Tosti which occurred by reason of the negligence of Howard B. Blocksom in driving his automobile. Upon these judgments the plaintiff in both capacities issued an attachment execution naming Allstate Insurance Company as garnishee. Interrogatories were filed to which the defendant answered and appended a statement of new matter. The facts are not in dispute, and on these facts the court below entered judgments for the plaintiff against the garnishee and it appeals.

Blocksom was insured by the garnishee under what is commonly called a policy of automobile liability in-

surance. His application and policy for said insurance substantially set forth the following statement: ". . . no insurer has cancelled or refused any automobile insurance nor has any license or permit to drive an automobile been suspended, revoked or refused." The garnishee claims a breach of this condition by reason of the fact that the insured, who was a resident of the state of Virginia, had received from the Commonwealth of Pennsylvania, Department of Revenue, Bureau of Highway Safety, a paper entitled, "Official Notification of Withdrawal of Motor Vehicle Privileges," which contained the statement, "This notice applies to your reciprocity privileges in Pennsylvania."

The answer of the garnishee does not show a breach of the condition of the application made by Blocksom in which it was stated that no license or permit to drive an automobile had been suspended, revoked or refused. The only authority which could revoke or refuse any license or permit to drive an automobile would be the authority which granted the license or permit. Such license or permit was issued by the state of Virginia, and had never been revoked or suspended by it. If the insurer-garnishee desired a warranty from the insured that there had not been a withdrawal of motor vehicle privileges by another state under a reciprocity statute, it should have made such inquiry.

It is obvious that the insured made no false statement in his application for automobile insurance, as there is no mention of "reciprocity privileges" either in the application for insurance or the policy itself. Since the insurer drew the application it is clear that such application must be construed most strongly against the insurer, as it framed the questions eliciting the desired information.

*Erickson v. Allstate Insurance Company,* 126 F. Supp. 100, aff. 227 F. 2d 755, is somewhat similar to the present case. There the application contained an in-

quiry whether any policy of insurance had been cancelled, revoked or refused. The insured replied "no." As a matter of fact, another insurance carrier had given notice to the insured that his policy was being cancelled effective ten days later. The court held that the language of the policy was to be construed most strongly against the insurer who wrote it, and that if the insurer desired to inquire whether the insured had been notified that a policy was being cancelled, effective at a future date, it should have framed such a question as a part of the application; that the answers of the insured were not false and the insurer was liable. There the court rejected the same arguments of the insurance company as are made in the instant case.

It is plain that the insured made no false statement in his application and the judgments are affirmed.