533 A.2d 501

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* John Milford Lefever, Appellee.

Submitted on briefs September 14, 1987, to Judge CRAIG, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, for appellant.

*Richard B. MacDonald,* for appellee.

OPINION BY JUDGE CRAIG, November 13, 1987:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Lancaster County, dated June 9, 1986, which affirmed an April 1986 order directing DOT to reinstate the operating privileges of John Milford Lefever. The department had suspended Lefever's license for refusal to submit to chemical analysis following his arrest for driving while under the influence of alcohol, pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547. The twelve-month suspension became effective November 12, 1984. Lefever appealed the suspension nunc pro tunc in February 1986. The department unsuccessfully sought reconsideration of the trial court's order to reinstate Lefever's license. We reverse the trial court's decision.

Two issues are involved:

(1) Whether the trial court properly ordered reinstatement of Lefever's operating license, when the time for appeal of DOT's suspension had expired; and

(2) Whether the trial court exceeded its scope of review of the license suspension by considering Lefever's separate criminal plea agreement.

On September 24, 1984, state troopers arrested Lefever after he collided with a parked car. The officers took Lefever to a hospital for treatment of his injuries. When asked to submit to a blood alcohol level test, Lefever refused. The officer later received a blood alcohol test result of .195% from the hospital.[1] The state troopers notified DOT that Lefever had refused to submit to chemical analysis to determine his blood alcohol level.

On October 9, 1984, DOT notified Lefever that his license would be suspended for twelve months, effective November 12, 1984, for refusing to submit to the blood test. Lefever did not appeal the suspension within the thirty day appeal period, but instead mailed in his license and began serving the suspension.

On May 7, 1985, Lefever entered a guilty plea to two counts of driving under the influence, pursuant to a plea agreement with the district attorney. In that agreement, the district attorney agreed to withdraw the notice of refusal sent to DOT, in exchange for Lefever's consent to use the results of the blood test as evidence in the criminal proceeding. The trial judge was not informed that Lefever was already serving the twelve

---

[1] The record is unclear whether the officers requested the hospital to run a blood alcohol test after Lefever's refusal, or whether the test was run in the course of treatment of Lefever's injuries.

month refusal suspension, and that the appeal period for that suspension had expired, until after he had recognized this agreement as a condition for the guilty plea. Although Lefever contends that the criminal court issued an order directing DOT to withdraw the refusal suspension, no such order is present in the record.

On June 12, 1985, DOT notified Lefever that he would begin serving the mandatory twelve month suspension[2] for the driving under the influence conviction on November 12, 1985, consecutive to the twelve month refusal suspension. Lefever took no action regarding either suspension until February 26, 1986. At that time, Lefever filed an appeal nunc pro tunc, challenging the first suspension on the grounds that DOT had not complied with the criminal court's order to withdraw the refusal suspension.

The department responded to Lefever's appeal by bringing a motion to quash, arguing that the petition was untimely filed. The appeal period for the refusal suspension had expired in November 1984; Lefever had already served the twelve month refusal suspension and was currently serving the twelve month conviction suspension. The trial court granted Lefever leave to file his petition nunc pro tunc, denied DOT's motion to quash, and directed DOT to reinstate Lefever's license. On reconsideration, the lower court affirmed this order, finding that "even though the suspension proceeding is independent of the underlying criminal action, the agreement to withdraw the refusal must be honored, and doing so obviates the suspension for the refusal."

Our scope of review of a decision by a trial court in a license suspension case is limited to determining whether the findings of that court are supported by

---

[2] Section 1532(b)(3) of the Vehicle Code, 75 Pa. C. S. §1532(b)(3).

competent evidence, whether erroneous conclusions of law have been made, or whether the decision of the trial court demonstrates a manifest abuse of discretion. *Oden v. Commonwealth*, 86 Pa. Commonwealth Ct. 215, 484 A.2d 837 (1984).

Section 1550(a) of the Vehicle Code, 75 Pa. C. S. §1550(a), grants any person whose license had been suspended by DOT the right to appeal. Under Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b), appeals from governmental units such as DOT must be taken within 30 days after entry of order. Section 5572 of the Judicial Code, 42 Pa. C. S. §5572, provides that the date of service of the order of a governmental unit, or the mailing date if service is by mail, shall be deemed the date of entry. Following these rules, Lefever had 30 days from the letter dated October 9, 1984, to appeal the department's mandatory refusal suspension. There is no dispute that Lefever's appeal, filed in February 1986, was untimely. Indeed, as DOT points out, Lefever had already served the complete term of the refusal suspension, as well as three months of the conviction suspension, by the time he brought his appeal.

Courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers. *Altieri v. Pennsylvania Board of Probation and Parole*, 88 Pa. Commonwealth Ct. 592, 495 A.2d 213 (1985). After reviewing the record, we conclude that Lefever has not demonstrated either fraud or a breakdown in court operation. On the contrary, Lefever himself made no attempt to appeal either of the two suspension notices sent by DOT within the allowed period for appeals; he did not enter into plea negotiations with the district attorney until the appeal period had expired; he did not appeal the refusal suspension until three months after the suspension period had been served; and he made

no effort to confirm the conditions of the plea agreement with DOT, though his attorney was aware that Lefever was already serving the refusal suspension and that the time for appeal had come and gone. Under these circumstances, the trial court erred in granting Lefever's petition to appeal nunc pro tunc.

In our view, the trial court exceeded its scope of review by considering the terms of Lefever's criminal plea agreement when reviewing the refusal suspension. In *Oden*, 86 Pa. Commonwealth Ct. at 219, 484 A.2d at 838, where the appellant challenged his license suspension following a criminal conviction, we held that "[O]ur review is limited to the order of suspension and does not encompass the criminal conviction which prompted the conviction. In this case we can review only appellant's suspension which, under the facts, was proper." Similarly, in this case, the trial court's scope of review did not encompass the separate plea arrangement concerning criminal liability with the district attorney. The mandatory civil penalties of the Vehicle Code are not subject to the terms of a plea agreement arising from related criminal charges. Regardless of the disposition of the criminal charge, the suspension resulting from a refusal to submit to a blood alcohol level test is an independent civil proceeding. *Wisniewski v. Commonwealth*, 73 Pa. Commonwealth Ct. 318, 457 A.2d 1334 (1983).

Further, we conclude that neither the district attorney in plea bargaining, nor the court of common pleas when deciding a criminal matter, has jurisdiction to bind DOT to withdraw a civil license suspension. The statutory suspensions following a refusal to submit to a blood alcohol test or a conviction for driving under the influence are not bargaining chips to be traded in exchange for criminal convictions; rather, they are mandatory civil penalties, imposed not for penal purposes, but "to protect the public by providing an effective means of

denying an intoxicated motorist the privilege of using our roads."[3]

Accordingly, we reverse the trial court's decision granting Lefever's appeal nunc pro tunc, and reinstate the department's order suspending Lefever's license for twelve months, effective November 12, 1984. Lefever shall serve both the refusal and the consecutive conviction suspension.

ORDER

Now, November 13, 1987, the decision of the Court of Common Pleas of Lancaster County, dated June 9, 1986, is reversed.

---

[3] *Commonwealth v. Ebert,* 31 Pa. Commonwealth Ct. 82, 87-88, 375 A.2d 837, 839 (1977).