600 A.2d 705

**Petition of the City of Scranton for Validation of Tax Title and Approval of Sale of Real Estate Situate in the City of Scranton Ward 17, Block 33, Lot 23, Map # 157.09–010–030.01 Assessed to: Katherine Gaughan**

**Appeal of CITY OF SCRANTON, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 14, 1991.

Decided Dec. 6, 1991.

A. Leigh Redmon, for appellant.

Frank John Muraca, for appellees.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

The City of Scranton (City) appeals from the January 5, 1990 order of the Court of Common Pleas of Lackawanna County denying the City's petition for validation of tax title and approval of sale of real estate, filed pursuant to the Act of June 28, 1967 (Act), P.L. 122, 53 P.S. §§ 30901–30915.

The City purchased the property located at 1220–22 Mulberry Street at a city treasurer's tax sale held on June 2, 1986 for delinquent taxes owed for the years 1979 through 1986. The city council later approved a proposal by William and Rosella Lavalle to purchase the property from the City for the assessed value of $3,600. Thereafter, the City filed a petition, pursuant to Section 12(a) of the Act, 53 P.S. § 30912(a), seeking the trial court's approval of the sale and an order directing a conveyance of title to the property to the Lavalles. The petition listed, among the parties who may have interests and claims against the property, Robert J. Gaughan and Mary Nixon (Appellees), heirs of Katherine Gaughan, owner of the property who died in 1982. Appellees filed an answer and new matter contesting the adequacy of the sale price and challenging the validity of the tax sale. In support, Appellees alleged that the estate of Katherine Gaughan entered into an agreement of sale of the property for $12,500; that the City failed to properly notify all interested parties of the scheduled tax sale; and that notice of the tax sale was inadequate and improper.

█ The trial court denied the City's petition after consideration of the parties' stipulation of counsel setting forth their respective witnesses' would-be testimony if called at trial. The trial court concluded that the City failed to properly post notice of the tax sale and further noted that the City did not present any evidence of actual or attempted notice to Katherine Gaughan or her estate. On appeal to this Court, the City raises the following issues: whether the trial court committed an error of law in applying the provisions of notice requirements as set forth in the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803; whether the City met the

notice requirements provided under the Act; and whether the City is entitled to an approval of the sale and validation of its title to the property. The order of the trial court is affirmed.[1]

In tax sale cases, this Court's scope of review is limited to determining whether the trial court abused its discretion, rendered a decision with lack of supporting evidence, or clearly erred as a matter of Law. *Geier v. Tax Claim Bureau of Schuylkill County*, 131 Pa.Commonwealth Ct. 321, 570 A.2d 134 (1990), *aff'd*, 527 Pa. 41, 588 A.2d 480 (1991). The City argues that it complied with the notice requirements under Section 2 of the Act, 53 P.S. § 30902, which provides in pertinent part:

[I]t shall be the duty of the city treasurer to advertise for sale all the lands upon which it appears the taxes have not been paid as shown by the duplicates in his hands, or by the returns, or schedules certified to him as aforesaid. Said advertisement shall be made once a week for three successive weeks prior to the day of sale in at least two newspapers of general circulation, and in the legal newspaper printed and published in the respective city. The treasurer shall also cause to be posted or tacked *in a conspicuous place on each parcel or lot of land advertised for sale*, at least ten days prior to the day of sale, a notice stating that said lands will be sold by said treasur-

1. The Act "authoriz[es] and empower[s] city treasurers of cities of the second class A to sell at public sale, lands or real estate upon which the taxes, assessed and levied by the city, are delinquent and unpaid;...." That Act, and not the Real Estate Tax Sale Law, is applicable to the City which is classified as a city of the second class A. Under Section 2 of the Act, 53 P.S. § 30902, only notices by publication and posting are required, and a notice by certified mail to each owner is not required as under the Real Estate Tax Sale Law. Since this Court affirms the trial court based upon the City's failure to comply with the posting of notice provisions of the Act, it is not necessary to address the City's contention that the trial court improperly required a notice by certified mail applying the Real Estate Tax Sale Law. *See Kraiser v. Horsham Township*, 72 Pa.Commonwealth Ct. 16, 455 A.2d 782 (1983) (an appellate court may affirm a decision of a trial court if the result is correct on any ground without regard to the ground the trial court itself relied upon.)

er for delinquent taxes on a certain day and time and at a certain place within the city, .... (Emphasis added.) Notice provisions of a tax sale statute must be strictly construed. *Molchan Appeal*, 94 Pa.Commonwealth Ct. 423, 503 A.2d 1051 (1986). Moreover, there must be strict compliance with such notice provisions to guard against deprivation of property rights without due process of law. *Kleinberger v. Tax Claim Bureau of Lehigh County*, 64 Pa.Commonwealth Ct. 30, 438 A.2d 1045 (1982). It was the City's burden to prove compliance with the notice provisions of the Act. *Casanta v. Clearfield County Tax Claim Bureau*, 62 Pa.Commonwealth Ct. 216, 435 A.2d 681 (1981).

Appellees stipulated that the building located on the subject premises was destroyed by fire in 1983 and demolished in 1984. Stipulation of Counsel No. 3.D. The City stipulated that its deputy city treasurer posted a notice of the scheduled tax sale "by placing the notice nearby the subject premises, but would not be able to testify [to] the exact location of the posting of the notice." *Id.* No. 2. The City argues that it complied with the posting requirement under Section 2 of the Act by placing the notice as close to the premises as possible since it could not attach the notice on a building on the premises. However, contrary to the City's argument, Section 2 of the Act does not require that the notice be attached on a building. In the absence of specific statutory requirements, the method used for notices of a tax sale must be reasonable and such as would likely inform the taxpayer of the intended sale of the premises. *Lapp v. County of Chester*, 67 Pa.Commonwealth Ct. 86, 445 A.2d 1356 (1982).

Section 2 of the Act specifically required that notice be posted or tacked in a conspicuous place on each parcel or lot of land. In *Wanchisn Appeal*, 22 Pa.Commonwealth Ct. 147, 348 A.2d 440 (1975), this Court held that the tax claim bureau was required to post notices of tax sales of coal on the surface encumbered by the coal owner's rights under Section 602 of the Real Estate Tax Sale Law which simply provides that "[e]ach property scheduled for sale shall be

posted at least ten (10) days prior to the sales." Here, the City failed to place notice on the subject land and could not identify the exact "nearby" location of the posting. Under these circumstances, there was a lack of evidence of the City's strict compliance with Section 2 of the Act. *Kleinberger.*

Hence, the trial court properly concluded that the City failed to meet its burden to prove compliance with notice requirements of the Act, and its order, therefore, must be affirmed.[2]

## ORDER

AND NOW, this 6th day of December, 1991, the order of the Court of Common Pleas of Lackawanna County dated January 5, 1990 is hereby affirmed.

---

**2.** Appellees stipulated that they are willing and able to pay the taxes and liens due when the tax sale is set aside. Stipulation of Counsel No. 3.E. This Court notes that the trial court could have directed a conveyance of the title to Appellees upon their payment of all unpaid taxes and costs under Section 14 of the Act, 53 P.S. § 30914, which provides in pertinent part:

> If any person or persons appear at any stage of the proceedings who may appear to the court to have any interest whatsoever in the land and pay all taxes, municipal claims, penalties, interest and costs including all taxes, which would have been levied against said land, had the same not been certified to the assessors and removed from the tax rolls, as well as the costs of this proceeding, the court may direct a conveyance to said person, but no real estate commission shall be paid.