Richard Charles POMPEY

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTA-TION, BUREAU OF DRIVER LI-CENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 2000.

Decided Feb. 1, 2001.

Bryan S. Neiderhiser and Timothy P. Wile, Asst. Counsel In–Charge, Pittsburgh, for appellant.

Peter G. Loftus, Waverly, for appellee.

Before COLINS, Judge, PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from a determination of the Court of Common Pleas of Susquehanna County (trial court), sustaining the statutory appeal of Richard Charles Pompey (Licensee), from the sixty-day suspension of his operating privileges. For the reasons that follow, we affirm.

By letter dated December 14, 1999, DOT notified Licensee that:

As a result of your acceptance in the Accelerated Rehabilitative Disposition (ARD) Program in SUSQUEHANNA for violating section A3731 ARD DUI of the Vehicle Code on 03/20/1999, a sanction of 60 DAY(S) is imposed, as mandated by Section 3731E6II[1] of the Vehicle Code.

(R.R. at 13a). Licensee filed a statutory appeal.

On March 22, 2000, the trial court held a hearing *de novo*, at which DOT introduced into evidence, without objection, a packet of documents, duly certified and under seal, from the Secretary of Transportation, establishing Licensee's acceptance into the ARD Program resulting from his violation of the Vehicle Code. The trial court took judicial notice of the packet of documents introduced by DOT. Licensee failed to present any evidence but asked the trial court to take judicial notice of a plea agreement entered into by himself and the District Attorney in the criminal proceeding, which provided that Licensee would perform seventy-five hours of community service in lieu of the suspension of his operating privileges. (R.R. at 9a). The trial court took judicial notice of the plea agreement and sustained Licensee's appeal.

On appeal,[2] DOT argues that the plea agreement cannot be enforced because the District Attorney lacked jurisdiction to bind DOT to the terms of the agreement.[3] We agree with DOT's argument but, nevertheless, affirm the trial court's decision on other grounds.

DOT cites this Court's opinion in *Department of Transportation, Bureau of Driver Licensing v. Lefever*, 111 Pa. Cmwlth. 105, 533 A.2d 501 (1987), in support of its argument. In *Lefever*, DOT suspended the licensee's operating privileges after he refused to submit to a blood-alcohol test. A blood test was administered to the licensee without his consent which showed his blood-alcohol level to be .195%. The licensee appealed the suspension, arguing that he had entered into a plea agreement with the district attorney which provided that the district attorney agreed to withdraw the notice of refusal sent to DOT in exchange for the licensee's consent to use the results of a blood-alcohol test as evidence in the criminal proceeding. DOT argued that the district

---

1. Section 3731(e)(6)(ii) of the Vehicle Code, 75 Pa.C.S. § 3731(e)(6)(ii), provides:

    (e) **Penalty.-**
    . . .
    (6) Any person who accepts Accelerated Rehabilitative Disposition of any charge brought under this section shall accept as conditions the imposition of and the judge shall impose in addition to any other conditions all of the following:
    . . .
    (ii) A mandatory suspension of operating privilege for a period of not less than one month but not more than 12 months.

2. Our scope of review of a decision in a license suspension case is to determine if the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Tarnopolski*, 533 Pa. 549, 626 A.2d 138 (1993).

3. We note that DOT also argues that the trial court erred in taking judicial notice of the facts and holding of a separate judicial proceeding, i.e., Licensee's criminal hearing. Because of our decision affirming on other grounds, we need not address this issue.

attorney did not have jurisdiction to bind DOT to withdraw a civil license suspension. The *Lefever* court determined:

> [W]e conclude that neither the district attorney in plea bargaining, nor the court of common pleas when deciding a criminal matter, has jurisdiction to bind DOT to withdraw a civil license suspension. The statutory suspensions following a refusal to submit to a blood alcohol test or a conviction for driving under the influence are not bargaining chips to be traded in exchange for criminal convictions; rather, they are mandatory civil penalties, imposed not for penal purposes, but 'to protect the public by providing an effective means of denying an intoxicated motorist the privilege of using our roads.'

*Lefever*, 533 A.2d at 503 (citation omitted).

■■■ We note that ARD is a pretrial type disposition without a verdict. *See Commonwealth v. Brown,* 449 Pa.Super. 346, 673 A.2d 975 (1996), *petition for allowance of appeal denied,* 545 Pa. 675, 682 A.2d 306 (1996). Therefore, we believe Licensee's acceptance into the ARD program distinguishes this case from *Lefever.* Section 3731(e)(6)(ii) of the Vehicle Code, addressing the penalties accompanying acceptance into ARD, specifies that *"the judge shall impose ... [A ]mandatory suspension of operating privilege* for a period of not less than one month but not more than 12 months." 75 Pa.C.S. § 3731(e)(6)(ii) (emphasis added). Clearly, the Vehicle Code does not provide *DOT* with the authority to suspend a licensee's

operating privilege once he or she is accepted into ARD.[4] That authority is specifically reserved for the judge who must comply with the suspension requirements of that section.[5]

■■ Consequently, while we conclude that the trial court properly sustained Licensee's appeal, we believe that it did so based on flawed reasoning. Because it was the duty of the judge overseeing Licensee's admittance into ARD, rather than DOT, to implement Licensee's license suspension, we must conclude that, under the circumstances presented, Licensee's appeal must be sustained.[6]

Despite our holding, we are constrained to comment on what appears to be erroneous conduct of the District Attorney's Office, Licensee's counsel and the trial court judge who approved Licensee's plea agreement. Clearly, this Court's decision in *Lefever* dictates that DOT cannot be bound by the terms of a plea agreement that withdraws a civil license suspension. Nevertheless, Licensee's counsel and the District Attorney's Office entered into just this kind of agreement and, in turn, the agreement was approved by the judge who admitted Licensee into ARD. Furthermore, Section 3731(e)(6)(ii) of the Vehicle Code *mandates* that, upon acceptance into ARD, the trial court judge shall impose a suspension of operating privileges for not less than one month. Because review of this now final plea agreement is not within the jurisdiction of this Court, *see* 42 Pa.

---

4. Pursuant to Section 1534 of the Vehicle Code, 75 Pa.C.S. § 1534, DOT's duty when a person is arrested for a driving under the influence offense and is accepted into ARD is simply to maintain a record of acceptance for a period of seven years from the date of notification.

5. Additionally, we note that this situation is different from those in which the legislature has expressly given DOT the authority to suspend a licensee's operating privilege, i.e., Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, (relating to refusal to submit to chemical analysis), Section 1532 of the Vehicle

Code, 75 Pa.C.S. § 1532, (relating to driving under the influence of alcohol and/or a controlled substance) or Section 1786 of the Vehicle Code, 75 Pa.C.S. § 1786, (relating to operating a motor vehicle without required financial responsibility).

6. We note that where the result is correct, an appellate court may affirm a trial court decision on any ground without regard to the ground relied upon by the trial court itself. *Appeal of the City of Scranton,* 144 Pa. Cmwlth. 94, 600 A.2d 705 (1991).

C.S. §§ 761–764, we have no choice but to accept its terms.

### ORDER

AND NOW, this 1st day of February, 2001, the order of the Court of Common Pleas of Susquehanna County is hereby affirmed.