## Commonwealth v. Davis

294

C.P. of Jefferson County, no. 349-2001.

*Grey Bazylak,* for plaintiff.
*Michael Bogush,* for defendant.

FORADORA, *P.J.,* February 8, 2002—On July 18, 2001, the defendant, Zachary Davis, was charged with driving while under the influence of an intoxicating beverage, 75 Pa.C.S. §3731(a)(4)(ii) and 75 Pa.C.S. §3718. The defendant, in response to these charges, requested and was granted accelerated rehabilitative disposition by the court. On September 20, 2001, the defendant did sign a waiver of rights as a condition of his acceptance into

ARD. One of the enumerated privileges that the defendant surrendered was his driving privilege for a period of six months. The defendant surrendered his license to an officer of the court and signed a form acknowledging the suspension of his license as a condition of his acceptance into ARD. The license was then submitted to the Department of Transportation, along with the ARD agreement.

On October 27, 2001, the defendant was again arrested for DUI. After a hearing, the court revoked the defendant's ARD for violation of its terms and conditions. The defendant, no longer a participant of the ARD program, argues that he is no longer bound by the terms of the ARD agreement, *i.e.,* the waiver of his driving privilege. The defendant has motioned the court to restore his driver's license until the court has adjudicated the charges alleged against him.

Defendant's motion raises two issues before the court: (I) Does the court have jurisdiction to entertain the defendant's motion?; (II) Should the motion be granted?

## DISCUSSION OF LAW

(I) Generally the suspension of a driver's license is a matter between the issuing authority and the driver. *Dariano v. Blocksom,* 389 Pa. 96, 132 A.2d 186 (1957). The ability to suspend a driver's license is not within the discretion of the judge presiding over a criminal proceeding. Therefore a judge cannot impose a suspension as a condition of punishment for conviction of a crime. See *Dariano,* 389 Pa. at 98, 132 A.2d at 188. The suspension of a driver's license pursuant to a criminal conviction is a civil penalty imposed by the Department of Transportation in order to protect the safety of the pub-

lic. Consequently neither the district attorney nor the court of common pleas has jurisdiction to bind the Department of Transportation to suspend a civil license suspension. See *PennDOT v. Lefever,* 111 Pa. Commw. 105, 110, 533 A.2d 501, 503 (Pa. Commw. 1987). In *Lefever,* the Commonwealth Court specifically precluded the court from using the statutory civil penalty of license suspension as a bargaining chip for obtaining a plea agreement. See *Lefever,* 111 Pa. Commw. at 110, 533 A.2d at 503.

Accelerated rehabilitative disposition is not a criminal conviction. It has been held to hold the status of a pretrial disposition without a verdict. *Pompey v. PennDOT,* 768 A.2d 372, 374 (Pa. Commw. 2001). In *Pompey,* the Commonwealth Court addressed an appeal by the DOT challenging the validity of the court's refusal to suspend the license in the terms of an ARD agreement with the defendant. In that case, the Commonwealth Court distinguished *Lefever* which addressed jurisdiction subsequent to a criminal conviction and jurisdiction subsequent to ARD. The court turned to the explicit language of 75 Pa.C.S. §3731(e)(6)(ii), which expressly grants the authority to suspend driving privileges in the presiding judge:

"(6) Any person who accepts accelerated rehabilitative disposition of any charge brought under this section shall accept as conditions the imposition of and *the judge* shall impose in addition to any other conditions all of the following: . . . (ii) A mandatory suspension of operating privilege of not less than one month not more than 12." (emphasis added)

Observing that the judge was granted the power to impose the license suspension in an ARD agreement, the

Commonwealth Court inferred that the authority was exclusive. The Commonwealth Court stated: "Clearly, the Vehicle Code does not provide DOT with the authority to suspend a licensee's operating privilege once he or she is accepted into ARD. That authority is specifically reserved for the judge who must comply with the suspension requirements of that section." *Pompey*, 768 A.2d at 374.

## APPLICATION

(I) Clearly the complexity of the problem lies in the relationship between the judiciary and the Department of Transportation, Licensing Bureau. Although the court does not exercise jurisdiction over the DOT as a separate executive department, it is necessary for the judiciary to coordinate with the DOT in a number of instances. As discussed previously the court lacks the authority to impose a license suspension as an element of a criminal punishment. The finding of guilt by the court however validates the imposition of a civil penalty by the DOT. The DOT is therefore dependant upon the actions of the judiciary to carry out license suspensions pursuant to certain statutory violations.

In the present case the court was vested with exclusive authority to suspend the defendant's driver's license pursuant to the Commonwealth Court's ruling in *Pompey*. See *Pompey v. PennDOT,* 768 A.2d 372 (Pa. Commw. 2001). Under this ruling and the language of section 3731 the court is granted the authority to direct the DOT to suspend a license. 75 Pa.C.S. §3731(e)(6)(ii). In this circumstance, although vested with the authority to suspend defendant's driver's license, the court is still de-

pendant upon the DOT to carry out the suspension. The court has the power to limit the right of the defendant to drive; however, this does not carry out the practical effect of terminating the defendant's ability to drive, *i.e.,* alerting police personnel. In order to render the ruling enforceable, the court is required to contact the DOT and forward the ARD agreement articulating the nature and scope of the suspension along with the defendant's license to the appropriate bureau.

In the case sub judice, the court is asked to exercise authority to direct the DOT to terminate a license suspension pursuant to an ARD agreement. Because the Commonwealth Court has ruled that the authority was vested solely in the presiding judge to prescribe the nature and duration of the suspension, it can be inferred that the basis of the suspension rests squarely on the order by the court. Taking into account the interrelated nature of the court with the DOT in these cases, it seems only rational that if the order is revoked then the authority upon which the DOT effectuates the suspension is terminated.

(II) The defendant agreed to the terms and conditions of ARD. This agreement did not constitute an admission of guilt by the defendant nor a finding of guilt by the court. Presently the ARD has been revoked and the defendant is no longer burdened by the conditions of the prior pretrial agreement between himself and the Commonwealth. The case is therefore essentially back to square one. The defendant stands before the court innocent until proven guilty of the charges alleged against him. This court therefore concludes that the defendant's driving privilege shall be reinstated pending further proceedings.

## ORDER

And now, February 8, 2002, in response to the defendant's motion to the court to suspend defendant's current license suspension, the court now enters the following order:

Defendant's motion is granted and the defendant's license suspension is terminated pending further proceedings. The Pennsylvania Department of Transportation shall return the defendant's license immediately.