David Thomas Kerr,     :
     Appellant  :
           :
    v.       :
           :
Commonwealth of Pennsylvania, :
Department of Transportation,  : No. 1327 C.D. 2017
Bureau of Driver Licensing   : Submitted: October 26, 2018


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge


OPINION BY
JUDGE COVEY        FILED: January 4, 2019


    David Thomas Kerr (Licensee) appeals from the Chester County Common Pleas Court's (trial court) August 18, 2017 order denying his license suspension appeal. The sole issue before this Court is whether the trial court erred by denying his appeal. After review, we affirm.

    On May 9, 2017, Licensee entered into the Accelerated Rehabilitative Disposition (ARD) Program for violating Section 3802(a)(2) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(2) (relating to driving under the influence (DUI)). Pursuant to the ARD Admission Order (ARD Order), Licensee "[a]gree[d] to a license suspension of 0 month(s)." Reproduced Record (R.R.) at R1 (ARD Order). On May 18, 2017, the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) notified Licensee that "**no suspension** is being issued at this time." Supplemental Reproduced Record (S.R.R.) at 15b (emphasis added). Also on May 18, 2017, in a separate correspondence, DOT notified Licensee that his "commercial driving privilege is **disqualified**" for a period of one year, effective June 22, 2017.

R.R. at R4 (emphasis added). Licensee appealed from the disqualification to the trial court.

On August 17, 2017, the trial court held a hearing and denied Licensee's appeal. Licensee appealed to this Court.[1] On September 25, 2017, the trial court ordered Licensee to file a Concise Statement of Errors Complained of on Appeal (Statement). On October 12, 2017, Licensee filed his Statement. On December 1, 2017, the trial court filed its opinion. Therein, the trial court cited *Kozieniak v. Department of Transportation, Bureau of Driver Licensing*, 100 A.3d 326 (Pa. Cmwlth. 2014) as controlling. The trial court further opined:

> [DOT] and [Licensee] agreed 'to a license suspension for 0 month(s).' In accordance with that agreement, [Licensee's] driver's license was not suspended. In other words, he received the benefit of his bargain. The parties, however, made no such agreement with respect to his [commercial driver's license (]CDL[)]. [DOT], therefore, was obligated to exercise its statutory duty of suspending his CDL. Had [Licensee] wished to protect his CDL in addition to his regular driver's license, he could have tried to negotiate a similar agreement with respect to his CDL. Since he failed to do so, his CDL was properly suspended pursuant to [Section 1611(a)(1) of the Vehicle Code,] 75 Pa.[C.S.] § 1611(a)(1).

Trial Ct. Op. at 3.

Licensee argues that *Kozieniak* is inapposite. The licensee in *Kozieniak,* as in the instant case, was arrested for DUI and entered into the ARD Program. The licensee also had a CDL which was suspended pursuant to Section 1611(a) of the Vehicle Code. On appeal, the licensee argued that ARD was not a conviction and thus, Section 1611(a) of the Vehicle Code did not apply. This Court held: "[The

---

[1] "Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion." *Gammer v. Dep't of Transp., Bureau of Driver Licensing*, 995 A.2d 380, 383 n.3 (Pa. Cmwlth. 2010).

2

l]icensee's acceptance into ARD constituted a 'conviction' of violating Section 3802 [of the Vehicle Code]. Once [the l]icensee was convicted of a Section 3802 [of the Vehicle Code] violation, [DOT] was required to disqualify his commercial driving privilege under Section 1611(a)(1) [of the Vehicle Code]." *Kozieniak*, 100 A.3d at 329.

Unlike *Kozieniak*, the issue in the instant case is whether the terms of Licensee's ARD Order precludes DOT from suspending his CDL.[2] The trial court determined that the "license" referred to in the ARD Order was Licensee's "driver's license" and, since his "regular driver's license" was not suspended, the ARD agreement was satisfied. Trial Ct. Op. at 3. While the trial court essentially treats the ARD Order as the basis for its ruling, the Vehicle Code also supports the trial court's order.[3]

Initially, Chapter 15 of the Vehicle Code expressly pertains to "Licensing of **Drivers**." Vehicle Code Chapter 15 (emphasis added). Pursuant to Section 1501(a) of the Vehicle Code: "No person, . . . shall drive any motor vehicle upon a highway or public property in this Commonwealth unless the person has a [valid] **driver's license** . . . ." 75 Pa.C.S. § 1501(a) (emphasis added). Vehicle Code Chapter 16, however, separately relates to "**Commercial Drivers**." Vehicle Code Chapter 16 (emphasis added). Section 1607 of the Vehicle Code specifies the "Commercial driver's license **qualification standards**." 75 Pa.C.S. § 1607 (emphasis added). Correspondingly, Section 3804(e) of the Vehicle Code pertains to

---

[2] The trial court refers to the ARD Order as "a negotiated plea agreement[,]" Trial Ct. Op. at 1; however, there is no record evidence that Licensee's participation in the ARD Program was based on a negotiation as opposed to an acceptance.

[3] "This [C]ourt may affirm an order if it is correct for any reason, regardless of the reason upon which the lower court relied for its decision." *Salazar v. Allstate Ins. Co.*, 702 A.2d 1038, 1045 n.13 (Pa. 1997); *see also Commonwealth v. Hernandez*, 886 A.2d 231, 233 (Pa. Super. 2005) ("[W]e affirm the trial court's decision, albeit on additional grounds.").

"**Suspension of operating privileges** upon conviction," 75 Pa.C.S. § 3804(e) (bold emphasis omitted), and Section 1611(a) refers to "**disqualify**[**ing**] any person from driving a commercial motor vehicle[.]" 75 Pa.C.S. § 1611(a) (emphasis added).

Here, the ARD Order specified "a license suspension of 0 month(s)." R.R. at R1. DOT's notices stated Licensee would receive "no suspension," relative to his driver's license, but his CDL was "disqualified." S.R.R. at 15b, R.R. at R4. Moreover, because Licensee was accepted into the ARD Program, his DUI did not **require** a license suspension.[4] All of the foregoing leaves no doubt that the ARD Order related to the suspension of Licensee's driver's license, not the disqualification of his CDL.

> In addition, Section 1611 of the Vehicle Code provides, in relevant part:
>
> **(a) First violation of certain offenses.--** Upon receipt of a report of conviction, [DOT] shall, in addition to any other penalties imposed under this title, disqualify any person from driving a commercial motor vehicle . . . for a period of one year for the first violation of:
>
> (1) [S]ection 3802 [of the Vehicle Code] (relating to driving under the influence of alcohol or controlled substance)

75 Pa.C.S. § 1611. "The term [conviction] shall include the acceptance of [ARD] . . . ." 75 Pa.C.S. § 1603. Therefore, Licensee's ARD constituted a conviction for violating Section 3802(a)(2) of the Vehicle Code. Because Licensee was convicted of a Section 3802 violation, DOT was required to disqualify his commercial driving

---

[4] Licensee was charged with violating Section 3802(a)(2) of the Vehicle Code (relating to "alcohol concentration in the individual's blood or breath [of] at least 0.08% but less than 0.10%"). Pursuant to Section 3807(d)(1) of the Vehicle Code, if a licensee is accepted into ARD: "There shall be no license suspension if the [licensee's] blood alcohol concentration at the time of testing was less than 0.10%." 75 Pa.C.S. § 3807(d)(1).

privilege pursuant to Section 1611(a)(1) of the Vehicle Code.[5]  *See Kozieniak.* Accordingly, the trial court properly dismissed Licensee's appeal.[6]

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[5] Despite the critical importance of a CDL to an individual's ability to pursue a livelihood, the legislature has not yet heeded our Supreme Court's suggestion in *Commonwealth v. Duffey*, 639 A2d 1174 (Pa. 1994):

> We would suggest to our legislature that it should be clearly stated on the citation, if it is not already, that a guilty plea to the offense [ ] will result in a license [and/or CDL] suspension.  While we hold today that a licensee does not have to be warned of the collateral consequences of license suspension, we believe it would be more equitable and no great burden on the Commonwealth to provide such a warning.

*Id.* at 1177.

Twenty years later, this Court noted in *Kozieniak*, that the legislature had yet to follow the Supreme Court's recommendation: "[The legislature] has not amended the Vehicle Code to require that a licensee be warned, before he pleads guilty to an alcohol-related driving offense, that his license [and/or CDL] may be suspended if he pleads guilty." *Id.* at 329.

Because a licensee can enter ARD or a plea agreement unaware of its disastrous economic consequences, this Court believes the suggestion bears repeating.

[6] DOT argues that *Department of Transportation, Bureau of Driver Licensing v. Lefever*, 533 A.2d 501 (Pa. Cmwlth. 1987), and its progeny also support the trial court's decision on other grounds.  The *Lefever* Court held "that neither the district attorney in plea bargaining, nor the court of common pleas when deciding a criminal matter, has jurisdiction to bind DOT to withdraw a civil license suspension." *Id.* at 503.  However, given the rationale for our decision, we need not address that issue and decline to do so.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Thomas Kerr,                              :
                Appellant       :
                               :
                 v.              :
                               :
Commonwealth of Pennsylvania,                   :
Department of Transportation,                   :   No. 1327 C.D. 2017
Bureau of Driver Licensing                      :

## O R D E R

        AND NOW, this 4th day of January, 2019, the Chester County Common Pleas Court's August 18, 2017 order is affirmed.

_____
ANNE E. COVEY, Judge