# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Walter Smith,           :

           Appellant     :

                       :

          v.           :    No. 607 C.D. 2022

                       :    SUBMITTED: June 5, 2023

Commonwealth of Pennsylvania,   :

Department of Transportation,    :

Bureau of Driver Licensing      :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**              **FILED: June 27, 2023**

      James Walter Smith, Licensee, appeals from the order of the Court of Common Pleas of Fayette County denying his statutory appeal from the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing's one-year suspension of his driving privileges. We affirm.

      Licensee was accepted into the accelerated rehabilitative disposition (ARD) program on October 2, 2019, after being cited on May 22, 2019, for driving under the influence (DUI) under Section 3802(b) of the Vehicle Code, 75 Pa.C.S. § 3802(b) (relating to DUI of alcohol or controlled substance—high rate of alcohol). In accordance with Section 3807(d)(2) of the Vehicle Code, 75 Pa.C.S. § 3807(d)(2) (relating to ARD—mandatory suspension of operating privileges), Licensee's operating privilege was suspended for a period of 30 days, effective November 19, 2019. Licensee's operating privilege was restored on December 19, 2019. On

January 20, 2022, Licensee was convicted of violating Section 3802(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(1), on July 31, 2021. The sentencing order entered on January 22, 2022, stated that "there is no license suspension." (Reproduced R. "R.R.," Item 1.[1]) Upon receipt of the report of Licensee's conviction, the Department, by notice mailed January 31, 2022, imposed a one-year suspension on Licensee's operating privilege in accordance with Section 3804(e)(2)(i) of the Vehicle Code, 75 Pa.C.S. § 3804(e)(2)(i), effective March 7, 2022.

On February 23, 2022, Licensee filed his appeal of the suspension in accordance with Section 1550 of the Vehicle Code, 75 Pa.C.S. § 1550 (relating to judicial review), in the trial court. After a hearing *de novo*, the Department's counsel offered into evidence Department's Exhibit No. 1 (Suppl. Reproduced R.[2] "S.R.R." at 1b-15b), which was admitted without objection. Licensee's counsel offered into evidence a copy of Licensee's sentencing order for his conviction on January 20, 2022. The trial court entered an order dismissing Licensee's statutory appeal and Licensee appealed to this Court.

On appeal, Licensee raises two issues:

[(1)] Whether the trial court erred as a matter of law, and violated [Licensee's] substantive and procedural due process rights, in determining that [his] prior acceptance

---

[1] The pages of Licensee's reproduced record are not numbered, contrary to the requirements of Rule 2173 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2173 (relating to the numbering of pages). Thus, we refer to the items therein by number as they are indexed in the reproduced record.

[2] Licensee's reproduced record omitted Department's Exhibit 1, which consists of certified copies of the January 31, 2022 notice of suspension; the report of conviction from the Fayette County Clerk of Courts; the earlier license restoration; the earlier notice of suspension; the report of the Clerk of Courts of the ARD; and Licensee's driving record.

into and successful completion of the [ARD] program for an alleged violation of Section 3802 was a "prior offense" for the purposes of the suspension of his driving privileges, when [his] entry into the ARD program did not require him to enter a plea of guilty and the Commonwealth was not required to prove [his] culpability beyond a reasonable doubt.

[(2)] Whether the trial court erred as a matter of law in upholding the suspension of driving privileges imposed by the . . . Department . . . for a conviction for [DUI]—General Impairment pursuant to Section 3802(a)(1), second offense, when [Licensee] entered into a negotiated plea agreement that included no license suspension.

(Licensee Br. at 4.)

With respect to his first issue, Licensee argues that his acceptance into the ARD program should not be treated as a first offense, relying upon the reasoning of *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020), *overruled by Commonwealth v. Moroz*, 284 A.3d 227 (Pa. Super. 2022) (*en banc*). In *Chichkin*, a three-judge panel of the Superior Court held that Section 3806(a)(1) of the Vehicle Code, 75 Pa.C.S. § 3806(a)(1),[3] was unconstitutional so far as it defines prior offense to include acceptance of ARD for a DUI offense under Section 3802 *for DUI criminal sentencing enhancement purposes*. However, in addition to *Chichkin* being overruled by the Superior Court in *Moroz*, this Court in *Ferguson v. Department of*

---

[3] Section 3806(a)(1) provides in pertinent part as follows:

[T]he term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed[] . . . [or] acceptance of [ARD] . . . for any of the following:

(1) an offense under section 3802 (relating to [DUI] of alcohol or controlled substance)[.]

75 Pa.C.S. § 3806(a)(1).

*Transportation, Bureau of Driver Licensing*, 267 A.3d 628 (Pa. Cmwlth. 2021) (*en banc*), *appeal granted*, 280 A.3d 859 (Pa. 2022), distinguished *Chichkin*, holding that because license suspensions are civil proceedings, Section 3806(a) is still valid for purposes of civil license suspensions. *Ferguson*, 267 A.3d at 632. Although our Supreme Court has granted an appeal in *Ferguson*,[4] it remains a binding precedent on this panel under Pennsylvania Rule of Appellate Procedure 3103(b).[5] For purposes of civil license suspension, entry into ARD still qualifies as a prior offense.

With regard to his second issue, Licensee argues that he deserves the benefit of his plea bargain, which was memorialized in an order of the trial court entered on January 22, 2022, stating that "there is no license suspension." This Court has held over 30-plus years that the mandatory civil penalties of the Vehicle Code are not subject to the terms of a plea agreement. *Lefever v. Dep't of Transp., Bureau of Driver Licensing*, 533 A.2d 501, 503 (Pa. Cmwlth. 1987). Whatever the considerations of Licensee and the Fayette County District Attorney's office were in bargaining the plea, and the trial court in accepting it, such an agreement does not bind the Department.

---

[4] The Supreme Court has granted the appeal to consider the following question:

> Did the Commonwealth Court err by ignoring the controlling decisions of this Court and the United States Supreme Court [by] holding that DUI statutes that penalize a defendant with a lengthy license suspension as a recidivist based on a prior acceptance of ARD disposition do not violate due process under the Pennsylvania and United States Constitutions even though the defendant who accepts ARD is presumed innocent and there is no proof of guilt?

Order, *Ferguson v. Dep't of Transp., Bureau of Driver Licensing* (Pa., No. 28 MAL 2022, filed June 22, 2022).

[5] Pursuant to Pennsylvania Rule of Appellate Procedure 3103(b), an *en banc* decision of this Court is binding on any subsequent panel. Pa.R.A.P. 3103(b).

In light of the foregoing, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Walter Smith,            :
             Appellant            :
                                   :

             v.            :   No. 607 C.D. 2022
                                   :

Commonwealth of Pennsylvania,            :
Department of Transportation,            :
Bureau of Driver Licensing            :

# **O R D E R**

AND NOW, this 27th day of June, 2023, the order of the Court of Common Pleas of Fayette County is AFFIRMED.

 

 

                                 _____

                                 **BONNIE BRIGANCE LEADBETTER,**
                                 President Judge Emerita