# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyler Andrew Smith,            :
                Appellant     :
                              :
            v.             :    No. 223 C.D. 2022
                              :    Submitted: December 2, 2022
Commonwealth of Pennsylvania,    :
Department of Transportation,      :
Bureau of Driver Licensing        :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE STACY WALLACE, Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER           FILED: August 29, 2023

Tyler Andrew Smith (Licensee) appeals from the February 16, 2022 Order of the Court of Common Pleas of Fayette County (common pleas). The Order dismissed Licensee's statutory appeal and reinstated the Commonwealth of Pennsylvania, Department of Transportation (Department), Bureau of Driver Licensing's (Bureau) one-year suspension of Licensee's operating privilege pursuant to Section 3804(e)(2)(i) of the Vehicle Code, 75 Pa.C.S. § 3804(e)(2)(i).[1] Licensee's suspension was based on his April 19, 2021 conviction for violating

---

[1] Section 3804(e)(2)(i) of the Vehicle Code states: "Suspension under paragraph (1) shall be in accordance with the following: (i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter." 75 Pa.C.S. § 3804(e)(2)(i).

Section 3802(a)(2) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(2) (relating to driving under the influence of alcohol or controlled substance). At issue is whether Licensee's prior successful completion of an Accelerated Rehabilitative Disposition (ARD) program after being cited for driving under the influence was a "prior offense" for purposes of a one-year suspension, and whether Licensee's negotiated plea agreement binds the Department. Upon review, we affirm.

## I.  BACKGROUND

On July 24, 2018, Licensee was accepted into an ARD program after being cited on April 7, 2018, for DUI in violation of Section 3802(c) of the Vehicle Code, 75 Pa.C.S. § 3802(c) (relating to DUI of alcohol or controlled substances – highest rate of alcohol). (Supplemental Reproduced Record (S.R.R.) at 11b.[2]) In accordance with Section 3807(d) of the Vehicle Code, 75 Pa.C.S. § 3807(d) (relating to ARD – mandatory suspension of operating privileges), Licensee received notice that his operating privilege was suspended for 90 days; it was restored on November 1, 2018. (*Id*. at 7b-8b.) On April 19, 2021, Licensee was convicted of DUI in violation of Section 3802(a)(2) of the Vehicle Code, 75 Pa.C.S. § 3802(a)(2). (Reproduced Record (R.R.) Item 1 at 1.[3]) Licensee pled guilty to an ungraded misdemeanor offense under Section 3802. The sentencing order stated, "[n]o license suspension

---

[2] Licensee's reproduced record omitted the Bureau's Exhibit No. 1, which consists of certified copies of the April 29, 2021 notice of suspension; report of conviction from the Fayette County Clerk of Courts; the earlier restoration; the earlier license suspension; the report of the Clerk of Courts of the ARD; and Licensee's driving record. The Bureau filed a supplemental reproduced record, attached to its brief, in which Exhibit 1 is found.

[3] The pages of Licensee's reproduced record are not numbered in accordance with the requirements of Rule 2173 of Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2173 (relating to the numbering of pages). Therefore, we refer to the materials in the reproduced record by item number and the physical page number within that item.

2

in accordance with [Section 3804(a)(1) of the Vehicle Code,] 75 Pa.C.S. [§] 3804(a)(1)."[4]  (*Id.* at 2.)  Upon receipt of the report of Licensee's conviction, the Bureau, by notice mailed April 29, 2021, notified Licensee of the suspension of his operating privilege for a period of one year beginning on June 3, 2021, in accordance with Section 3804(e)(2)(i), 75 Pa.C.S. § 3804(e)(2)(i).  (S.R.R. at 2b.)

On May 7, 2021, Licensee filed a statutory appeal of the suspension of his operating privilege with common pleas.  Licensee asserted that his conviction was a first offense, and that the Bureau incorrectly considered his conviction as a second offense based on his prior ARD completion.  (R.R. Item 3 at 4.)  Common pleas held a *de novo* hearing on February 16, 2022.  (*Id.* Item 4.)  At the hearing, the Bureau's counsel offered into evidence the Bureau's Exhibit No. 1, which was admitted without objection.  Licensee's counsel offered into evidence a copy of Licensee's sentencing order for his conviction on April 19, 2021.  The Bureau argued it was not

---

[4] Section 3804(a)(1) of the Vehicle Code states:

Except as set forth in subsection (b) or (c), an individual who violates [S]ection 3802(a) (relating to [DUI] of alcohol or controlled substance) shall be sentenced as follows:

(1) For a first offense, to:

(i) undergo a mandatory minimum term of six months' probation;

(ii) pay a fine of $300;

(iii) attend an alcohol highway safety school approved by the [D]epartment; and

(iv) comply with all drug and alcohol treatment requirements imposed under [S]ections 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing).

75 Pa.C.S. § 3804(a)(1).

a party to the criminal proceedings and, therefore, not bound by the sentencing order, and that Section 3806 of the Vehicle Code, 75 Pa.C.S. § 3806,[5] defines prior offense for purposes of a civil license suspension to include ARD. (*Id*. at 6.) Licensee argued that the suspension of his operating privilege should be reversed because the Bureau does not have the authority to treat ARD as a prior offense pursuant to *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020), *overruled by Commonwealth v. Moroz*, 284 A.3d 227 (Pa. Super. 2022) (*en banc*).[6] (*Id*. at 5-6.) Licensee further argued the Bureau could not impose a suspension because the sentencing order had stated that "no license suspension" would be imposed, and he was entitled to the benefit of the plea agreement. (*Id.* at 6.) Common pleas rejected Licensee's first argument, noting that this Court in *Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 267 A.3d 628 (Pa. Cmwlth. 2021) *(en banc)*, *petition for allowance of appeal granted*, 280 A.3d 859 (Pa. 2022), held that a license suspension is a "collateral civil consequence," not a criminal sentence to which *Chichkin* applies, and common pleas is bound by this precedent. (R.R. Item 4 at 7). The same day, common pleas issued its Order dismissing Licensee's appeal and reinstating the suspension. (R.R. Item 5.)

---

[5]Section 3806(a) of the Vehicle Code states in relevant part:

> the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of [ARD] or other form of preliminary disposition before the sentencing on the present violation for any of the following: (1) an offense under [S]ection 3802 (relating to [DUI] of alcohol or controlled substance)

75 Pa.C.S. § 3806(a).

[6] The defendant in *Moroz* filed a petition for allowance of appeal with the Supreme Court. *See* Petition for Allowance of Appeal, *Commonwealth v. Moroz* (Pa., No. 520 MAL 2022). By order dated April 17, 2023, the Supreme Court held the petition pending disposition of *Commonwealth v. Richards* (Pa., No. 25 MAP 2023).

On March 14, 2022, Licensee filed the instant appeal to the Commonwealth Court. Common pleas directed Licensee to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), which Licensee did. Common pleas issued a Statement in Lieu of an Opinion, in which it reiterated its reliance on *Ferguson* and indicated that, pursuant to *Department of Transportation, Bureau of Driver Licensing v. Lefever*, 533 A.2d 501 (Pa. Cmwlth. 1987), the Bureau is not bound by plea agreements arising from related criminal charges. (R.R. Item 6.)

## II. PARTIES' ARGUMENTS

On appeal, Licensee raises two issues:

1. Whether [common pleas] erred as a matter of law, and violated [Licensee's] substantive and procedural due process rights, in determining that [Licensee's] prior acceptance into and successful completion of the . . . [ARD] program for an alleged violation of Section 3802 was a "prior offense" for the purposes of the suspension of his driving privileges, when the Superior Court of Pennsylvania previously held in *Commonwealth v Chichkin*, 232 A.3d 959 (Pa. Super. 2020)[,] that ARD was not a "prior offense" pursuant to Section 3806 of the Vehicle Code.

2. Whether [common pleas] erred as a matter of law in upholding the suspension of driving privileges imposed by the [Bureau] for a conviction for [DUI] – General Impairment pursuant to Section 3802(a)(1), *second* offense, when [Licensee] entered into a negotiated plea agreement that included no license suspension . . . .

(Licensee Br. at 4.)

Licensee argues that common pleas erred and violated Licensee's substantive and procedural due process rights in determining that Licensee's successful completion of ARD was a prior offense for purposes of a license suspension under

the Vehicle Code. (Licensee's Br. at 7.) Licensee asserts that the Superior Court's holding in *Chichkin* dictates that ARD is not a prior offense for the purposes of Section of 3806 of the Vehicle Code. (*Id.* at 8-10.) Licensee argues that *Chichkin's* prohibition on using ARD to establish a prior offense applies to the entirety of Section of 3806. This is because, Licensee asserts, the court in *Chichkin* did not expressly condone the use of ARD to establish prior offenses for the purpose of civil penalties separate from criminal penalties. (*Id.* at 10.) Licensee further argues that because he pled guilty to a first offense DUI, which included no license suspension, common pleas erred when it upheld the suspension of Licensee's operating privilege. When common pleas upheld Licensee's suspension for a conviction for DUI pursuant to Section 3802(a)(1) as a second offense, Licensee contends it deprived him the benefit of his plea agreement. (*Id*. at 11.)

The Bureau responds that common pleas was correct in affirming the Bureau's suspension of Licensee's operating privilege because *Chichkin* has no impact on operating privilege suspensions because the fact of a prior ARD acceptance is not being used to enhance a criminal sentence. (Bureau's Br. at 8, 23.) As such, "the *Chichkin* ruling does not invalidate Section 3806(a) of the Vehicle Code for civil license suspension purposes." (*Id*. at 8.) Because the suspension is a civil sanction instead of a criminal sentence, (*id*. at 19, 21-23), the prohibition against using a fact not proven beyond a reasonable doubt to enhance a criminal sentence is not violated when ARD is treated as a prior offense for the civil suspension of a licensee's operating privilege, (*id*. at 21, 27). As to Licensee's second argument, the Bureau maintains that, based on the reasoning of *Lefever*, common pleas correctly held that the Bureau was not bound by any pretrial agreement Licensee made with the Fayette County District Attorney's Office (District Attorney). (*Id*. at 29.) The Bureau

6

argues District Attorney had no authority to plea bargain away an operating privilege suspension that the Bureau is mandated by statute to impose. (*Id*. at 30-33.)

## III. DISCUSSION

On the first issue, Licensee relies on *Chichkin*, 232 A.3d at 971, in which a three-judge panel of the Superior Court held "the particular provision of [Section 3806(a),] 75 Pa.C.S. § 3806(a), which defines a prior acceptance of ARD in a DUI case as a 'prior offense' for DUI sentencing enhancement purposes, offends the Due Process Clause and is therefore unconstitutional." However, *Chichkin* was overruled by an *en banc* panel of the Superior Court in *Moroz*, 284 A.3d at 233, which held that "the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." While the defendant in *Moroz* is challenging *Chichkin's* overruling in his appeal to the Pennsylvania Supreme Court,[7] until the Supreme Court holds otherwise, *Moroz* remains the law on that issue. In addition to *Chichkin* being overruled, this Court held in *Ferguson*, 267 A.3d at 632, that *Chichkin* is inapplicable to these cases, and Section 3806(a) is valid for the purpose of civil license suspensions, because they are civil penalties imposed separate from criminal sentencing "over which the criminal judge had no control and for which he had no responsibility." The Supreme Court granted an appeal in *Ferguson*; however, it remains binding precedent on this Court. Pennsylvania Rule of Appellate Procedure 3103(b), Pa.R.A.P. 3103(b).[8] Based on this precedent,

---

[7] *See* Petition for Allowance of Appeal at 21, *Commonwealth v. Moroz* (Pa., No. 520 MAL 2022).

[8] Pursuant to Pennsylvania Rule of Appellate Procedure 3103(b), an *en banc* decision of this Court is binding on any subsequent panel. Pa.R.A.P. 3103(b).

7

common pleas did not err in upholding the Bureau's use of Licensee's prior acceptance of ARD to establish a prior conviction for the purpose of imposing a one-year suspension of Licensee's operating privilege.

On the second issue, Licensee argues common pleas erred in upholding the suspension of Licensee's operating privilege because he entered into a plea agreement that included no license suspension in exchange for his pleading guilty to a first offense DUI. It is well settled that "[the Bureau's] civil suspension proceeding is separate and distinct from the criminal proceeding initiated by the district attorney." *Pat's Auto Sales v. Dep't of Transp., Bureau of Motor Vehicles*, 744 A.2d 355, 359 (Pa. Cmwlth. 2000). For over 30 years this Court has held that mandatory civil penalties, such as the suspension of Licensee's operating privilege under the Vehicle Code, "are not subject to the terms of a plea agreement arising from related criminal charges." *Lefever*, 533 A.2d at 503. Accordingly, the Bureau was not bound by a sentencing order that did not impose a license suspension. *Boals v. Dep't of Transp., Bureau of Driver Licensing* (Pa. Cmwlth., No. 1266 C.D. 2020, filed Oct. 20, 2022), slip op. at 16.[9] "[R]egardless of whether a plea agreement existed in the underlying criminal proceedings, it has no effect on the [Bureau's] duty under the relevant provisions of the Vehicle Code to impose the instant license suspension." *Stair v. Dep't of Transp., Bureau of Driver Licensing*, 911 A.2d 1014, 1018 (Pa. Cmwlth. 2006). Therefore, common pleas did not err in determining that Licensee's plea agreement with District Attorney did not bind the Bureau.

---

[9] Pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion of this Court, while not binding, may be cited for its persuasive value.

## IV.    CONCLUSION

Based on the aforementioned precedent, we discern no error in common pleas' findings that the Bureau could use Licensee's prior acceptance of ARD to establish a prior offense for the purpose of suspending his operating privilege for one year and that the Bureau was not bound by any plea agreement made between Licensee and a third party.  In light of the foregoing, we affirm the Order of common pleas.

 

**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyler Andrew Smith,             :
            Appellant     :
                             :
            v.            :    No. 223 C.D. 2022
                             :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing       :

## O R D E R

      **NOW**, August 29, 2023, the Order of the Court of Common Pleas of Fayette County, dated February 16, 2022, is **AFFIRMED.**

 

                        _____
                        **RENÉE COHN JUBELIRER,** President Judge